SANFORD F. REESE v. NATIONAL SURETY COMPANY OF NEW YORK, AND ANOTHER.[1]

April 17, 1925.

No. 24,401.

**Claimant entitled to compensation under compensation act.**
Respondent resided in the city of St. Paul. He was in the employ of relator whose principal place of business was in the city of Minneapolis. His duties required him to go about the city after office hours. He was sent upon a special errand which required his presence out several miles from the office until ten o'clock at night. He was returning to his home when injured. *Held* that under the showing he was, at the time of his injury, where his duties called him in the course of his employment and is entitled to compensation.

*Headnote. See Workmen's Compensation Acts, C. J. p. 84, § 75.

Upon the relation of Sanford F. Reese the supreme court granted its writ of certiorari directed to the Industrial Commission to review its order in a proceeding brought under the Workmen's Compensation Act by relator, employe, against National Surety Company of New York, employer, and the Ocean Accident & Guarantee Corporation, Limited, insurer. Affirmed.
*Meighen, Knudson & Sturtz*, for relator.
*Lancaster, Simpson, Junell & Dorsey*, for employer and insurer.

QUINN, J.
The employer, National Surety Company of New York, has its

[1]Reported in 203 N. W. 442.

Minnesota office at the Builders Exchange in the city of Minneapolis, in charge of a general manager. On April 3, 1922, the claimant, Sanford F. Reese, entered into its employ at a wage of $100 per month. His duties, as such employe, consisted of investigating claims, effecting settlements, taking statements and matters incidental thereto. When circumstances so required, he was expected to go about the city and attend to matters after office hours. He lived with his family in the city of St. Paul.

On the afternoon of the day mentioned, the manager handed Reese some papers and requested him to look up and interview a man by the name of Lyman Stevens. Stevens lived out several miles on Thirty-seventh street north. Reese undertook to comply, with the request, but was unable to see Mr. Stevens until evening and so informed the manager. He was then informed that it was their practice to attend to such matters after business hours when necessary. Reese consented so to do. Accordingly he went out to Thirty-seventh street on the street car, arriving there about 9 o'clock in the evening, saw Mr. Stevens, obtained a written statement from him and started on his return at about 10 o'clock. While on the street car, Reese busied himself in jotting down a review of his talk with Stevens for the purpose of making a report to his employer the next morning. He passed Second avenue, on which the Builders Exchange is situate, and went to Fifth avenue, then got off for the purpose of catching a car to St. Paul. By mistake he got on to a car going in the wrong direction, discovered his mistake, and got off after going two block. He was crossing the street to catch a car headed toward St. Paul when he was struck by an automobile and injured. He was picked up and taken to a hospital. Two days later the manager called on him and procured the papers in the Stevens matter.

There is but little, if any, discord in the testimony in this case. It is however insisted, on behalf of the employer and the insurer, that the facts show conclusively that the employe was not injured while in the course of his employment, i. e., that his duties under his employment ceased when he left the Stevens place and started

for his home.  Under his employment claimant's regular hours were from 8 a. m. to 4:30 p. m., and his usual place of work was at his, employer's office.

The statute provides that compensation shall be paid by every employer in every case of personal injury or death of his employe, caused by accident arising out of and in the course of employment. Chapter 82, p. 92, L. 1921, § 9.  Section 66 of the same act provides that injuries arising in the course of employment do not cover workmen except while engaged in, on or about the premises where their services are being performed, or *where their service requires their presence as a part of such service at the time of the injury.*

It is urged that claimant was not within the scope of his employment at the time of his injury; that, at the time of the accident, he had been through with his work since leaving the Stevens place; that his return trip from the Stevens place was not part of any duty which he owed his employer under his contract of employment and therefore his case does not come within the scope of the compensation act.  We cannot agree with this contention.  The act provides that injuries arising in the course of employment do not cover workmen, except while engaged in, on or about the premises where their services are being performed or where their service requires their presence as a part of such service at the time of the injury.  Can it be fairly said, under the circumstances of this case, that, at the time of his injury, claimant was where his duties required his presence in performance of the errand which had been assigned to him by his employer?  It requires no stretch of the testimony in the case to say and to hold that claimant went to Thirty-seventh Street North at the instance of the manager, upon a special errand, into the outskirts of the city, in the night time. He had to return in order to complete the task assigned him.  He was doing so at the time of his injury.  True, he had passed his employer's office but it was nearly midnight.  He had to have some place to rest and sleep.  He chose the proper place, his own home. He had gone but two blocks out of a straight course, and that by mistake in the night time.  His trip out to Thirty-seventh street and back had not been completed.  He was in pursuit of the errand

which had been assigned him. At such hour, under the circumstances, his home was the reasonable place for him to go. We are of the opinion and hold that claimant was, at the time of his injury, where his duties called him. The fact that he made an honest mistake of two blocks on his return is of no importance.

Under the record as presented in this case, we are of the opinion that the claim of the employe for loss of hearing is not tenable. The claim for loss on that account was not within the allegations of the petition, but testimony was had before the commission as to claimant's condition with reference to his hearing, and determined adversely to him, which, under the showing, is final.

The compensation act provides for the time at which payments of compensation shall commence. The award of the commission is somewhat akin to a judgment for damages for breach of contract. In such cases interest is recoverable where the amount does not depend upon any contingency. Dunnell, Minn. Dig. § 2524.

In case of Jones v. Burgess, 124 Minn. 265, 144 N. W. 954, the complaint did not demand interest and it was insisted that, in the absence of a demand for interest, it could not be allowed. But it was there held that interest was recoverable as a legal incident of the demand sued upon and not by virtue of a contract therefor. However, the Industrial Commission, under the statute, has nothing to do in the way of allowing interest. Where default occurs in the payment of the instalments in the award for the period of 30 days, the claimant may apply to the district court for judgment. Upon certiorari this court will not consider the matter of allowing interest. The award of the Industrial Commission must stand. The employe is awarded attorney's fees in the sum of $150.

Affirmed.