WILLIAM H. B. DONALDSON v. WILLIAM H. B. DONALDSON
COMPANY AND ANOTHER.[1]

February 21, 1929.

No. 26,959.

See note in 15 A. L. R. 1288; 25 A. L. R. 376; 44 A. L. R. 1217; 47
A. L. R. 843; 28 R. C. L. 764; 4 R. C. L. Supp. 1847; 5 R. C. L. Supp.
1561; 7 R. C. L. Supp. 1002.

*L. K. Eaton,* for relator.
*Norbert L. Wilson,* for respondent.

DIBELL, J.

Certiorari to review the order of the industrial commission award-
ing compensation to William H. B. Donaldson for an injury sus-
tained while in the employ of the William H. B. Donaldson Com-
pany.

The defendant corporation had a capital of $50,000 divided into
shares of $10 each. The plaintiff owned all but two shares, which
were held by two others as qualifying shares. He controlled the
company and supervised its activities. On October 15, 1926, he

[1]Reported in 223 N. W. 772.

received an accidental injury by falling. The question is whether he is entitled to compensation under the workmen's compensation act, G. S. 1923, § 4261, et seq.

The act, § 4326(d), defines employer as meaning "every person * * * who employs another to perform a service for hire and to whom the 'employer' directly pays wages, and shall include any person or corporation, co-partnership or association or group thereof, and shall include state, county, village, borough, town, city, school district and other public employers." By (g) of the same section it is provided that "the terms 'employe' and 'workman' are used interchangeably and have the same meaning throughout this act and shall be construed to mean" various designated persons engaged in the service of the state or in subordinate municipal subdivisions not important here. We are left without a precise definition of employe; but throughout the act the purpose to include only workers as distinguished from executive officers is apparent. The act has in view wages and services. The plaintiff received $300 a month. This amount was credited to him on the books of the company on the first of each month or on the first of each week, and he drew therefrom as convenience suggested. Sometimes he overdrew and sometimes he had a balance. He controlled the company. No one could discharge him. He was in executive control. There was not the usual relationship of employer and employe.

It must be conceded that an officer and stockholder of a corporation may be an employe of it within the meaning of the compensation act. In re Raynes, 66 Ind. App. 321, 118 N. E. 387; Skouitchi v. Chic C. & S. Co. 230 N. Y. 296, 130 N. E. 299, reported with note in 15 A. L. R. 1285, 1288; Kennedy v. Kennedy M. & E. Co. 177 App. Div. 56, 163 N. Y. S. 944; Zurich G. A. & L. Ins. Co. v. Industrial Comm. 193 Wis. 32, 213 N. W. 630; 28 R. C. L. p. 764, § 59; Note, 25 A. L. R. 376.

The case best illustrative of the facts before us is Leigh Aitchison, Inc. v. Industrial Comm. 188 Wis. 218, 220, 205 N. W. 806, reported with note in 44 A. L. R. 1213. There the court said:

"It may be conceded that the mere fact that one is a stockholder, officer, or director of a corporation does not preclude his being at

424

the same time an employee. No hard-and-fast rule can be laid down based upon the amount of stock which an individual may own or any other arbitrary standard. A study of the cases to which reference has been made sustains that. It is quite apparent that in this case none of the ordinary incidents of the relationship of employer and employee exist  *  *  *  Mrs. Aitchison fixed her own salary, which was substantially the total amount of the earnings of the corporation, fixed her own hours of employment, prescribed her own duties, was responsible to no one; no one had the power or authority to discharge her and she was subject to no one's direction. It would seem to require no argument to show that under those circumstances she was not an employee in the sense in which that term is used in the workmen's compensation act.

"We do not in reaching this conclusion ignore the fact that the corporation is a distinct entity, nor do we reach this conclusion merely because she was the owner of a very large proportion of the stock issued, but because upon the undisputed facts she did not sustain the relation of employee to any one."

And see England's Executors v. Beatty O. & P. Co. 41 N. J. Eq. 470, 4 A. 307; Bowne v. S. W. Bowne Co. 221 N. Y. 28, 116 N. E. 364.

Within the workmen's compensation act the plaintiff was not an employe entitled to compensation.

Order reversed.