CAROLINE ERICKSON v. ERICKSON FURNITURE COMPANY AND ANOTHER.[1]

January 31, 1930.

No. 27,719.

[1]Reported in 229 N. W. 101.

*Reuben G. Thoreen,* for relator.

*Junell, Oakley, Driscoll & Fletcher,* for respondent furniture company and Ocean Accident & Guarantee Corporation, its insurer.

TAYLOR, C.

Gustaf Erickson died in December, 1928. He was 89 years of age. His death resulted from injuries sustained under circumstances which would entitle his widow to compensation if he was an employe of the Erickson Furniture Company within the meaning of the compensation law at the time he received the injuries. She made an application for compensation, which was denied by the industrial commission. A writ of certiorari brings the matter before this court.

Gustaf Erickson conducted a retail furniture business in the city of Stillwater for many years. In 1922, being then more than 82 years of age, he organized the Erickson Furniture Company and transferred his business to the corporation. Four hundred and fifty shares of capital stock were issued, of which 414 shares were issued to him, 20 shares were issued to his son, Richard E. Erickson, 15 shares were issued to his daughter, H. Elizabeth Holcombe, and one share to his daughter's husband, Fred E. Holcombe. Gustaf Erickson, Richard Erickson and Fred Holcombe were the directors of the corporation. Gustaf was president, Richard was vice president and general manager, and Holcombe was secretary and treasurer. Holcombe was assistant cashier of a bank and apparently took no active part in the business of the furniture company. Richard Erickson conducted the business of the company as general manager, occasionally conferring with his father as to questions that arose. Gustaf Erickson as president presided at the meetings of the stockholders and of the board of directors. He came and went as he pleased; but in fact put in full time at the store except

when ill. He performed manual labor, such as uncrating furniture, recrating it, repairing and refinishing it, and removing refuse. An employe, the only witness called except Richard, states that he was always doing something. He had no salary. He paid his living and other expenses with checks drawn on the funds of the company and signed only by himself as president or with cash taken from the cash drawer. None of the amounts appropriated to his personal use were ever entered on the books of the company, and no record was kept of them except as shown by the checks and the stubs in the checkbook. Richard also paid his living and other expenses with checks drawn on the funds of the company, but all checks drawn by him were countersigned by the treasurer, and all amounts appropriated to his personal use were entered on the books. No dividends were ever paid, and no apportionment of earnings was ever made. None of the amounts withdrawn from the business by Gustaf for his personal use were included in the payroll upon which the premium paid to the insurance carrier was computed.

The industrial commission found that Gustaf Erickson was not an employe of the company. We recently had occasion to consider a similar question in Donaldson v. William H. B. Donaldson Co. 176 Minn. 422, 223 N. W. 772. The authorities are cited in that case and are collated in notes in 15 A. L. R. 1288; 25 A. L. R. 376; and 44 A. L. R. 1217. The claimant in the present case endeavored to show that the facts differed from the facts in the Donaldson case, and stresses the fact that executive control of the company was not exercised by Gustaf Erickson but by Richard. While the fact that Donaldson was in executive control of his company and that no one could discharge him were mentioned as circumstances in that case, they were not essential to the decision, which was based on the ground that there was no evidence on which the finding that he was an employe as defined in the compensation law could be sustained. For that reason the decision of the commission was reversed. In the present case the evidence will not justify a finding that Gustaf Erickson was an employe within the meaning of the compensation act. "Under that statute, only those are employes who 'perform a

service for hire' and to whom some 'employer directly pays wages.' " Supornick v. Supornick, 175 Minn. 579, 582, 222 N. W. 275; G. S. 1923 (1 Mason, 1927) § 4326. Under the facts of this case, it cannot be said that Gustaf Erickson was hired as a workman by the corporation or was directly paid wages by it. That an officer of a corporation may also be an employe within the meaning of the compensation law is sustained by the authorities, but only where he performs services and receives pay therefor in the capacity of an employe.

The Erickson Furniture Company was a family corporation organized by Gustaf in his old age to take over and continue his business. He performed services such as might have been performed by an employe but was never paid wages. All concerned seem to have understood and conceded that he had the right to take from the funds of the company such sums as he needed for his personal use without making any record thereof or being accountable therefor to anyone, and without regard to the nature or extent of the services which he rendered. In short he exercised and was accorded the same right in this respect which he had previously exercised as the owner of the business. The burden was on the claimant to prove that he was an employe as defined by the statute, and the finding of the commission that he was not is conclusive on the court under the facts shown by the record.

The decision of the commission is affirmed and the writ discharged.