SIMON ROSENFIELD v. GORDON MATTHEWS.[1]

October 29, 1937.

No. 31,248.

[1]Reported in 275 N. W. 698.

*Sweet, Johnson & Sands,* for appellant.
*Fred A. Ossanna* and *Charles E. Carlson,* for respondent.

JULIUS J. OLSON, JUSTICE.

Defendant appeals from an order sustaining plaintiff's general demurrer to defendant's first defense tendered in his answer. A brief résumé of the allegations of the complaint and of the answer as far as here involved may be helpful to intelligent discussion of the issues.

Plaintiff brought this action to recover damages for personal injuries sustained by him while riding in an automobile driven by defendant. The complaint, in form and substance the same as is customarily used in actions of this type, charges negligence in the management and driving of the vehicle. In the challenged plead-

ing defendant avers that the relationship existing between the parties at the time and place of accident was that of master and servant, plaintiff being the master, defendant the servant; that defendant was driving a vehicle owned by plaintiff in the performance of duties required of him as plaintiff's employe; that both parties to the cause are within part 2 of the compensation act, both having accepted the provisions thereof. As a consequence, he claims to be entitled to the benefits accruing to him under and by virtue of that act. Further, that the alleged negligence of which plaintiff complains occurred in the course of and arose out of defendant's employment; that by reason thereof the provisions of the act are a bar to plaintiff's cause and constitute an estoppel against plaintiff from maintaining the present action.

Defendant in his brief concedes "that at common law the master had and could prosecute a claim against his servant for damages for personal injury occasioned to the master by reason of the negligence of the servant even though that negligence occurred during the course of and arose out of the employment." But, he contends, "the cause of action at common law of the employer against his employe is taken away in the same manner as is the cause of action of the employe against the master" by reason of part 2 of the compensation act. It is therefore plain, from what has been stated, that the legal issue presented for determination is plain and direct. There is nothing hidden or obscure. Counsel for both parties concede that exhaustive investigation on their part "has failed to disclose any case squarely in point." Granting that premise, the situation thus presented is one where new ground is to be broken.

There are certain principles as to which there is and can be no serious controversy. The general rule is that: "Where an injury does not fall within the workmen's compensation act, the common-law remedy is not affected by it, * * *" 71 C. J. p. 1484, [§ 1493]. Our own cases are in accord and so hold. In Donnelly v. Minneapolis Mfg. Co. 161 Minn. 240, 243, 245, 201 N. W. 305, 306, the court said (161 Minn. 243, 245) :

"The statute is a substitute for the common law on the subject which it covers and so far as it goes. But it does not affect rights and wrongs not within its purview, or which by implication or express negation are excluded. * * * Courts are not permitted by construction to carry a statute, particularly one in derogation of the common law, beyond its clearly defined scope. It is for the legislature to limit or extend the operation of its enactments and, even though there are no self contained limitations, it would be judicial legislation to extend a statute beyond its subject matter. That is a general rule which would be violated if we were to hold otherwise than we do. But there is a more particular rule equally applicable. It is, 'that an existing common law remedy is not to be taken away by a statute, unless by direct enactment or necessary implication.' King v. Viscoloid Co. 219 Mass. 420, 106 N. E. 988, Ann. Cas. 1916D, 1170. The application of our compensation law to this case, an action by an employe to recover damages for a noncompensable disease suffered because of the negligence of the employer, would take away a common law remedy without substituting anything for it and would go far to nullify the statutory duty of employers to furnish adequate ventilation. This court does not propose to do anything of the kind. It is a result possible only through the amendment or repeal, expressly or by implication, of the statute creating the duty."

In Clark v. Banner Grain Co. 195 Minn. 44, 48, 261 N. W. 596, 599, we said that the act "contains ample demonstration that the common law and statutory remedies of an employe against his employer are intact except insofar as the workmen's compensation act covers the field." The Donnelly case was there expressly approved and followed. To the same effect are Costly v. City of Eveleth, 173 Minn. 564, 218 N. W. 126; Suess v. Arrowhead Steel Products Co. 180 Minn. 21, 230 N. W. 125.

Is there anything in the workmen's compensation act taking away from the employer his admitted common-law right to recover damages under the circumstances here disclosed, and, if so, what has been substituted for it? Defendant claims that 1 Mason Minn. St.

1927, § 4270, furnishes the basis for its position. That section provides:

"Such agreement or the election hereinafter provided for shall be a surrender by the parties thereto of their rights to any other method, form or amount of compensation or determination thereof than as provided in part 2 of this act, and an acceptance of all the provisions of part 2 of this act, and shall bind the employe himself, and for compensation for his death shall bind his personal representative, the surviving spouse and the next of kin, as well as the employer, and those conducting his business during bankruptcy or insolvency, for compensation for death or injury, as provided for by part 2 of this act."

He also directs our attention to Mathison v. Minneapolis St. Ry. Co. 126 Minn. 286, 295, 296, 148 N. W. 71, 75, L. R. A. 1916D, 412, where the court said:

"The rights, remedies and liabilities provided by part 2 are substituted for those previously existing and the parties are limited thereto. It is competent for the parties to enter into such an agreement, especially if they are authorized by law so to do; and, so long as the privilege is given them to elect whether they will or will not become bound by the provisions thereof, the agreement is voluntary, and none of the constitutional rights of the parties are infringed by requiring that the terms of the agreement, if entered into, shall be those prescribed by the act."

We are also referred to the two cases of Novack v. Montgomery Ward & Co. 158 Minn. 495, 198 N. W. 290, and 158 Minn. 505, 198 N. W. 294.

We think it has been the general understanding of the profession and of laymen as well that the legislative purpose in enacting the workmen's compensation law was, as the title of the act itself indicates, to provide *compensation* to the workman in case he suffered injury "arising out of and in the course of his employment," or, in the event of his death from such cause and under such circumstances, that those dependent upon him for *support* should receive

*compensation* for the death of the one so taken away. Section 4261, the very first section of the act, is entitled, *"Compensation* by action at law." It provides that when personal injury or death is caused to an *employe* by accident arising out of and in the course of his employment there shall be paid to him by his employer certain benefits. In event of his death and exclusively for the benefit of the surviving spouse or next of kin *"compensation* by way of damages" is to be paid. Under part 2 the title is "Elective *compensation."* Section 4274 (a) refers to rate of "compensation" as being based on the *"wage"* of the employe; subd. (b) that in the event of *partial disability* the payments are to be based upon the *"wage of the workman* at the time of injury"; under subd. (c) payments are to be based on "the difference between the daily *wage* of the workman at the time of injury and the *wages* he shall be able to earn" thereafter; subd. (d) has for its basis maximum and minimum *wage* of the employe; § 4275(3) refers to *dependents* *"supported by the deceased workman";* subds. (6), (7), (8), and (9) start with the words "If the deceased employe leave a widow," etc. To the same effect are §§ 4276 and 4277. Nowhere in the act is there any suggestion that the employer is to receive anything in event of his injury caused by his employe's negligence. Nor is there any intimation that he is to be barred of his common-law right to maintain such action.

The section to which defendant points as justification for his views (§ 4270) must be construed with and as a part of the act as a whole. So reading it, one cannot escape the conclusion that this section is limited to compensation to the employe or his dependents. It will be observed that when "such agreement or the election" therein provided for has become operative it is to be binding upon the employe as well as the employer "for compensation for his [employe's] death" and is to "bind his personal representative, the surviving spouse and the next of kin, as well as the employer, and those conducting his business during bankruptcy or insolvency, for *compensation* for death or injury." We think it is clear that what the legislature had in mind and sought to express was the preservation of the right of the injured workman, or those

claiming through or under him by reason of his death, that there was to be compensation for such injury or death. Nowhere is there any suggestion that the employer is included except to the extent of the rights and liabilities created by the act itself. True, the section provides "a surrender by the parties thereto of the rights to any other method, form or amount of compensation." But that, too, in view of the act as a whole, does not detract from its obvious purpose.

The language used by the court in Mathison v. Minneapolis St. Ry. Co. 126 Minn. 286, 148 N. W. 71, L. R. A. 1916D, 412, may lend some aid and comfort to defendant; but, after all, what the court was there considering and discussing in support of the conclusion reached was the constitutionality of the act. The employe's liability to his master for common-law negligence was not involved in any sense. To sustain defendant's contention is to give an effect to that decision not intended (161 Minn. 243) "by wrenching from its context here and there a sentence or so of the very proper discussion of the questions involved."

Neither Behr v. Soth, 170 Minn. 278, 212 N. W. 461, nor Thornton Bros. Co. v. Reese, 188 Minn. 5, 246 N. W. 527, is of material aid to defendant. The facts are essentially different from those here presented. In the Thornton case (188 Minn. 9) the court said:

"It is not conceivable that the legislature ever intended that an employer who has paid compensation to an accidentally injured employe should have a cause of action against another of his employes whose negligence contributed with the negligence of the employer to cause the injury."

In the Behr case the court, in construing § 4291(1), said (syllabus paragraph 3):

"The fireman [injured plaintiff] had a right to seek compensation from his employer, the city, or damages from the chief who was a third party engaged in a common enterprise, but not both."

In the Novack case (158 Minn. 505, 507, 508) it was clearly pointed out that:

"It [the compensation act] takes from the parent the necessity to collect the expenses; it takes away from the minor his incapacity to contract, and gives to him, in reference to the subject, the powers of an adult; it requires a surrender of all other claim for compensation. The only reasonable construction is that the employe has surrendered all his common law remedies. * * * When the statute put the minor in the adult class, it removed the only basis on which the parent's right of action could be founded, and gave to the minor the right to do for himself all of the things which the parent could do for him. Our conclusion is that when the father in this case permitted his minor daughter to work for defendant, without electing not to be bound by the compensation act as he might have done, he accepted the provisions of the statute, and thereby surrendered his right to any other method or form of compensation."

More to the point as sustaining plaintiff's position are Donaldson v. William H. B. Donaldson Co. 176 Minn. 422, 223 N. W. 772, 773; Erickson v. Erickson Furniture Co. 179 Minn. 304, 229 N. W. 101; and Benson v. Hygienic Artificial Ice Co. 198 Minn. 250, 269 N. W. 460. In the first cited case the syllabus reads [176 Minn. 422]:

"Plaintiff, who was the president and owned all of the stock of the defendant company, excepting two qualifying shares, and supervised and directed its activities, was not an employe within the meaning of the workmen's compensation act and was not entitled to compensation for an injury sustained." And further (p. 423): "We are left without a precise definition of employe; but throughout the act the purpose to include only workers as distinguished from executive officers is apparent. The act has in view *wages and services.*" (Italics supplied.)

The other two cases are to the same effect.

From what has been said we think the result reached by the court below must be sustained. "The legislative intent is not to be made to depend upon the collocation or arrangement of words alone, but upon the reason and sense of the things, as indicated by the entire

context and subject-matter." 6 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 8951. "The object of the workmen's compensation act must be kept in mind in construing and applying its provisions. It was to saddle the industries with the loss that resulted to the employes therein from accidental injuries received in the work." Eichholz v. Shaft, 166 Minn. 339, 342, 208 N. W. 18, 19.

Order affirmed.

[1]Reported in 275 N. W. 617.