ESTHER BENGSTON v. A. W. GREENING, *d. b. a.* A. W. GREEN-ING COMPANY, AND ANOTHER.[1]

January 27, 1950.

No. 34,996.

*Carroll & Thorson,* for relators.
*Oscar G. Haugland,* for respondent.

LORING, CHIEF JUSTICE.

Certiorari to review an order of the industrial commission awarding compensation for injuries.

Employer, A. W. Greening, operates a plumbing shop in Minneapolis. For more than a year, Esther Bengston, employe, had been his bookkeeper. She worked five days a week at a weekly compensation of $25. Except for the occasion here involved and an earlier one, she did no work for employer on Saturdays. The first time she worked on a Saturday morning she received an extra $3, and this time $2.50. On Friday afternoon, March 5, 1948, employer requested her to come to the office for a short time the following morning to get out the records and go over them with an accountant, who was preparing employer's income tax report. In the morning, employe's husband drove her to the shop. In about an hour she was through. Her husband had waited for her. They drove directly home. She got out of the car in front of their home, and the husband drove on. She crossed the public sidewalk, and about halfway between the sidewalk and the house—on premises owned by employe and her husband—she slipped and fell. For the injuries she sustained, the industrial commission, one member dissenting, awarded compensation on the basis that she had sustained an injury arising out of and in the course of her employment. The facts are not in dispute, and the legal conclusion alone is challenged.

In this state, the rule is clear that the employe is covered by the act while on a special errand for the employer, and the rule obviously must cover the return journey as well as the outgoing travel. The special-errand rule means nothing more than that when the employe is on a special mission for the employer he is in the course of his employment and is covered by the compensation

act as to injuries arising out of it. It is a rule to assist the industrial commission in determining when the employment commences and ceases. It came into the law as an exception to the general rule that ordinarily injuries resulting from travel to and from work are not compensable. We think that in the case at bar the commission was justified in finding from the evidence that the injury arose out of hazards to which the employe was exposed while on the special mission. Nehring v. Minnesota M. & M. Co. 193 Minn. 169, 258 N. W. 307. Here, employe was at the return end of her mission, but logically as much within it as if she had fallen on her walk out to the car at its beginning. The fact that she had left the car, in which she rode, and walked to the house did not interrupt the coverage. The errand for the employer was the occasion of her leaving the house and returning to it. Her walk from the car to the house was occasioned by the errand. She was as much within the scope of her mission as if she had walked all the way to and from the office.

In Markoff v. Emeralite Surfacing Products Co. 190 Minn. 555, 252 N. W. 439, cited by relators, *transportation* was furnished by the employer. There, the employe was, under M. S. A. 176.01, subd. 11, covered "while being so transported." In the case at bar, the employe was on a special errand or mission for her employer, and the rule in regard to that situation applied—not the rule with reference to transportation. We regard the finding of the commission that she was covered as supported by the evidence.

Order affirmed and writ discharged, with an allowance to employe of $250 attorney's fees and costs in this court.

MAGNEY, JUSTICE (dissenting).

Where an employe is on a special errand or mission for his employer, the workmen's compenastion act covers him from the time he leaves his home or the place from which he leaves at the employer's request until he returns to his home or such a place via a reasonable route. Reese v. National Surety Co. 162 Minn. 493, 203 N. W. 442; Bookman v. Lyle C. & R. Equipment Co. 153 Minn. 479, 190 N. W. 984; Nehring v. Minnesota M. & M. Co. 193 Minn. 169,

258 N. W. 307; Fox v. Atwood-Larson Co. 203 Minn. 245, 280 N. W. 856; Fitzgibbons v. Clarke, 205 Minn. 235, 285 N. W. 528; Oestreich v. Lakeside Cemetery Assn. 229 Minn. 209, 38 N. W. (2d) 193. The cases involved injuries to employes received while they were walking or traveling on a public sidewalk, street, or highway. Not one of them deals with a situation such as we have here, where the accident happened on employe's home premises after the journey had terminated. The question presented here is whether, when this accident happened, employe had passed beyond the boundary of the area within which she was covered by the compensation act.

In Nehring v. Minnesota M. & M. Co. 193 Minn. 169, 171, 258 N. W. 307, 308, this court, in the language of Mr. Justice Holt, said:

"* * * Prior to the time set for beginning the service and after the services are ended for the day, the employe's time is his own, and he may dispose of it as he pleases. But if while so off duty from his regular employment he is called to do an errand or sent on a mission by the employer, the courts which have spoken on the subject hold it a special service begun the moment the employe leaves his home, or the place where the call comes to him, and ended only with his return."

The court then proceeded to quote from Voehl v. Indemnity Ins. Co. 288 U. S. 162, 169, 53 S. Ct. 380, 383, 77 L. ed. 676, 680, 87 A. L. R. 245, where Mr. Chief Justice Hughes said:

"* * * Service in extra hours or on special errands has an element of distinction which the employer may recognize by agreeing that such service shall commence when the employee leaves his home on the duty assigned to him and shall continue until his return. * * * In such case the hazards of the journey may properly be regarded as hazards of the service and hence within the purview of the Compensation Act."

In such a case, does the journey include walking from the public sidewalk on the property owned by employe and until employe has entered her own home and removed her wraps? I see no logical

distinction between an accident happening in employe's own home and an accident happening on employe's privately owned walk. The hazards of the journey end when employe crosses the property line and steps upon her own privately owned property from the public sidewalk. The hazard she exposes herself to on her own home premises is not one of the peculiar risks incident to transportation.

In Markoff v. Emeralite Surfacing Products Co. 190 Minn. 555, 252 N. W. 439, we quoted with approval from Scott v. Willis, 150 Va. 260, 263, 142 S. E. 400. In that case, employer had agreed to furnish free transportation to Willis to and from his home and the place where he was required to work. On the day in question he was transported to his home in a truck. He alighted from the truck on the side of the road away from his home. He took two steps in the highway to cross over and was struck by a car. The court there said (150 Va. 266, 142 S. E. 401):

"* * * It is difficult to fix the precise moment at which liability in such a case would cease—that is, the very instant when the homeward journey is ended; and in this case, under the facts, the question is very close. * * * We think it can certainly be said that the transportation of this claimant to his home was not completed until he had reached a point which exempted him from risks incident to that particular journey."

Although in the instant case employer did not furnish transportation, yet it seems to me that liability for compensation would cease when employe was no longer on the public highways or sidewalks, but walking on her own private property. The peculiar risks incident to the journey had ceased.

No case has been called to my attention where, on comparable facts, compensation has been allowed. In my opinion, when employe here was injured, she had crossed over the boundary and had arrived outside the area within which she had the protection of the compensation act. If an employe's services commence the moment he leaves his home and continue until his return, as we

have stated in the Nehring case, *supra,* such services are being performed within a zone exclusive of his home and not inclusive of it. This case is not one where services are being performed by the employe at his home. For the above reason, I respectfully dissent.

MR. JUSTICE THOMAS GALLAGHER took no part in the consideration or decision of this case.

[1]Reported in 40 N. W. (2d) 886.