## DORLA SANDMEYER v. CITY OF BEMIDJI AND ANOTHER.

161 N. W. (2d) 318.

August 16, 1968—No. 40,978.

*McLeod & Gilmore,* for relators.
*Frederick R. Weddel,* for respondent.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

FRANK T. GALLAGHER, JUSTICE.

Writ of certiorari to review a decision of the Industrial Commission. Donald Sandmeyer, a police officer with the city of Bemidji, was fatally wounded while engaged in off-duty target practice with his pistol. His widow, in behalf of herself and her minor children, filed a workmen's compensation claim against the city and its insurer. The referee, finding that the injury did not arise out of and in the course of employment, denied recovery. On appeal, the Industrial Commission reversed that finding and awarded petitioner compensation. The only issue which relators raise before this court is whether the injury did in fact arise out of and in the course of employment.

During the afternoon of April 26, 1966, Sandmeyer and Dale Himes, another off-duty Bemidji policeman, reloaded .38 caliber shells in Sandmeyer's garage. Much of the reloading equipment which they used, as well as many of the component parts of the shells, were supplied by the city or the police department. They were loading the shells for anticipated use at the Red River Valley Police Officers' Association pistol shoot, slated for April 28.

At about 4:45 in the afternoon of April 26, they drove out to a pasture on Sandmeyer's farm to do some target shooting. It was snowing so they shot from the car they were in. They pulled the car up with the passenger side facing the target, and Himes held his pistol outside the window and fired six shots. They then drove up to the target to see how Himes had done.

After checking Himes' marksmanship, they drove back to the original position, this time with the driver's side facing the target. Sandmeyer, his gun held at a point outside the window, began to shoot at the target. After each shot, he pulled the gun in through the window to rest his arm. As he was putting the gun through the window for the fifth shot, it struck the ledge, turned in his hand, and discharged. The bullet struck him in the area of the ribs.

After the accident, Himes got behind the wheel and drove to the Bemidji hospital. Sandmeyer was carried into the hospital and doctors there gave oxygen and blood transfusions but their efforts were unavailing. He died at about 5:45 p. m.

At the hearing before the referee, the claimant introduced into evidence the deposition of Bemidji Police Chief James McDowell. He testified that at one time officers had target practice while on duty. Sometime after he became chief, he discontinued on-duty practice because the city range was so far from town that officers at the range could not respond quickly to calls. He has, however, encouraged, though not required, off-duty target practice. His memorandum forbidding on-duty practice says with reference to off-duty practice, "I am all for it and think it is very good." It informs his officers that if they come to the station before time to report they can take an available police car out to the range. Officers engaging in off-duty target practice often use the city range. As noted before, the city supplies equipment and material for reloading practice shells. Although the officers do not get paid for entering competitive marksmanship events, McDowell encourages them to enter such events and arranges time off for those who wish to enter them.

In the opinion attached to its award, the Industrial Commission, speaking through Commissioner Pomush, stressed the fact that the police department encouraged off-duty target practice and made reloading equip-

ment and materials available to those who desired to engage in such practice.

Minn. St. 176.021 provides that an employer covered by the Workmen's Compensation Act "is liable to pay compensation in every case of personal injury or death of his employee arising out of and in the course of employment." Our determination of this case turns on the application of the phrase "arising out of and in the course of employment." Since the injury in this case obviously arose out of the employment if it occurred in the course of employment, the only question is whether the target practice was within the scope of employment. There are apparently no Minnesota cases directly in point. What authority there is, however, tends to support the commission's award.

The facts that Sandmeyer was not on duty at the time of the accident and was not being paid for the activity which caused the accident are not determinative. In Blattner v. Loyal Order of Moose, 264 Minn. 79, 117 N. W. (2d) 570, this court held that a doorman injured while awaiting a ride home approximately one hour after finishing work was within the scope of employment. Similarly, in Hill v. Terrazzo Machine & Supply Co. 279 Minn. 428, 157 N. W. (2d) 374, an employee who arrived for work early was held to be within the scope of employment even though the injury occurred as he was about to leave his employer's premises to mail a letter a few minutes before his work was to begin. "The test," we said in Blattner, "is whether the accident occurred at a time when the employee was being of service to the employer, which may or may not coincide with the period for which wages are paid." 264 Minn. 81, 117 N. W. (2d) 572.

In this case the commission found that Sandmeyer was being of service to the employer at the time of the accident, and not merely engaging in an activity for personal gratification or advancement. This finding, which must be upheld unless contrary to the evidence (Erickson v. Erickson & Co. 212 Minn. 119, 2 N. W. [2d] 824), is adequately supported by the record. The department strongly encouraged target practice and it supplied the equipment and material to produce the ammunition necessary for such practice. It maintained a target range. It regarded competitive

shooting of sufficient importance to warrant giving men time off to participate in such competition. In view of this active interest, the commission was justified in concluding that both department and officers regarded target practice as an incident of the job.

It is true that the target practice was not required, but this fact is not of conclusive significance. Quite obviously, the Blattner employer did not require the employee to stay around the premises after finishing work, and the Hill employer did not require the employee to mail a personal letter. The question is not whether the activity is compelled by the contract of employment, but whether it is incidental to the employment relationship. See Koktavy v. City of New Prague, 246 Minn. 550, 75 N. W. (2d) 774, a case in which an act encouraged but not required by the employer was held to be within the scope of employment. It must be remembered that the Workmen's Compensation Act is a remedial one which is to be given a broad and liberal construction. Hill v. Terrazzo Machine & Supply Co. *supra.*

No one would contend, of course, that personal motives played no part in prompting Sandmeyer to engage in target practice on the day in question. But the statute does not require a showing that the activity giving rise to the injury was motivated solely by the employment relationship. It is enough if the desire to serve the employer's purposes was the dominant motive. Oestreich v. Lakeside Cemetery Assn. 229 Minn. 209, 38 N. W. (2d) 193. The commission's finding that such a motive was uppermost in this case is, as we have seen, amply supported by the evidence.

The Industrial Commission's award is affirmed. Claimant is allowed $250 attorneys' fees.