## GUST HOLM v. H & S ASPHALT COMPANY AND ANOTHER.

167 N. W. (2d) 743.

May 2, 1969—No. 41490.

*Kain & Kressel* and *Edward C. Hoffman,* for relator.
*Hansen, Hazen, Dordell & Bradt* and *Gene P. Bradt,* for respondents.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

PETERSON, JUSTICE.

The Workmen's Compensation Commission denied relator's claim for compensation, based upon its determinative finding of fact that relator was not at the time of his injury an employee of respondent H & S Asphalt Company, a corporation.

Relator, who had been the sole proprietor of an asphalt paving business for several years, formed the corporation to conduct the same business. He turned over to the corporation his road equipment, valued at its tax basis of $46,475; in exchange, the corporation issued to him its capital stock in the amount of $20,000 and entered upon its books, as a debt owed to relator, the remaining balance of $26,475. Relator was the major stockholder of the corporation, owning 55 percent of its outstanding stock, and became its president. His wife and two sons owned the balance of the stock

and were the other corporate officers. The corporation employed 26 employees, including relator's children, and he himself apparently performed some managerial services.

A claim for compensation under the Workmen's Compensation Act may be sustained only where an injury arises out of service performed pursuant to a contract for hire, express or implied, and not as a volunteer worker. Preese v. Boy Scouts of America, 283 Minn. 284, 167 N. W. (2d) 737. See, also, Erickson v. Erickson Furniture Co. 179 Minn. 304, 229 N. W. 101; Corcoran v. P. G. Corcoran Co. Inc. 245 Minn. 258, 75 N. W. (2d) 787. Minn. St. 176.011, subd. 9, clearly defines an "employee" as "any person who performs services for another *for hire*." (Italics supplied.) This subdivision provides that "an executive officer of a corporation" may be included within the definition of "employee," but it still contemplates that such an officer shall perform services for hire, just as in the case of any other employee covered by the act.

The commission could well find that relator was not employed under a contract for hire. Unlike other employees of the corporation, he was not carried on the corporate payroll as an employee, and no payments made to him by the corporation were entered upon the corporate records as payments of wages or salary. The corporation did not withhold any tax from relator's earnings for state or Federal income-tax purposes, nor did relator himself report any income from the corporation for tax purposes. The corporation paid no tax for unemployment compensation or social security on relator's behalf; and it paid no premium to its insurer, respondent Agricultural Insurance Company, for workmen's compensation coverage as to him.

Substantial payments were indeed paid to relator at irregular intervals, but those payments were charged against the debt owed to him by the corporation, which included the original balance for the assets transferred by him to the corporation plus subsequent cash loans made by him to it. The Workmen's Compensation Commission clearly was not compelled to find that the corporate accounting was merely a "tax dodge" for relator or that these payments were in actual fact compensation for services rendered. As we said in Erickson v. Erickson Furniture Co. 179 Minn. 304, 307, 229 N. W. 101, 102, "[t]he burden was on the claimant to prove that he was

an employe as defined by the statute, and the finding of the commission that he was not is conclusive on the court under the facts shown by the record."

Affirmed.