BARBARA LOUISE WARD v. AMERICAN LEGION EDWARD B. CUTTER POST 102 AND ANOTHER.

174 N. W. (2d) 325.

January 30, 1970—No. 41637.

*Scholle, Schweiger & Kalina* and *Leslie C. Scholle,* for relators.
*Edward E. Coleman* and *Carl J. Newquist,* for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Peterson, and Frank T. Gallagher, JJ.

FRANK T. GALLAGHER, JUSTICE.

Certiorari upon the relation of American Legion Edward B. Cutter Post 102, Anoka, to review a decision of the Workmen's Compensation Commission allowing compensation to the widow of Mark Ward.

Decedent was the second vice commander, the commander-elect, and the bingo cochairman of Post 102. On June 10 and 11, 1967, a convention of the Tenth District American Legion was held at Monticello, Minnesota, and decedent was selected as one of the eight delegates to represent Post 102. Each delegate was to be paid $7.50 for each day he attended of the 2-day convention.

Decedent left Anoka for Monticello and arrived in time for the opening session at 1 p. m. He attended business meetings during the afternoon and took part in the parade in the evening. At 12:30 a. m. on June 11 he left Monticello for his home in Anoka since there were not sufficient overnight facilities for all the delegates. He was killed in an automobile accident during this early morning trip. He had intended to return to Monticello later in the morning of June 11.

■ The Workmen's Compensation Commission in awarding compensation found that decedent was an executive officer of American Legion Post 102, a Minnesota corporation; that as an officer he was in the employ of the post as a convention delegate; and that his personal injury and death arose out of and in the course of this employment. These findings are supported by the evidence, and, as we have said before, the commission's findings must be upheld unless clearly contrary to the evidence. Dukek v. Greif Brothers Cooperage, 280 Minn. 535, 160 N. W. (2d) 159.

■ The Workmen's Compensation Act includes as an "employee" an executive officer of a corporation. Minn. St. 176.011, subd.

9(6). The statute further defines "executive officer" as "any officer of a corporation elected or appointed in accordance with its charter or bylaws." Decedent was elected second vice commander in accordance with the post's bylaws; consequently, he was an executive officer within the meaning of the workmen's compensation statutes.

■ The post directed decedent to go to the convention and paid his expenses. Decedent was thus performing a special mission for the post, and therefore comes within the rule which provides that while on a special mission one is acting in the course of his employment from the time he leaves home until he returns home. This special-mission rule is an exception to the usual rule that an employee is not considered to be within the course of his employment while he is commuting to and from work. Cosgriff v. Duluth Firemen's Relief Assn. 233 Minn. 233, 46 N. W. (2d) 250; Bengston v. Greening, 230 Minn. 139, 41 N. W. (2d) 185; Oestreich v. Lakeside Cemetery Assn. 229 Minn. 209, 38 N. W. (2d) 193.

The facts in this case are similar to those in Cosgriff v. Duluth Firemen's Relief Assn. *supra*. In Cosgriff, the claimant was a trustee of the Duluth Firemen's Relief Association who was injured when he was returning from a convention in St. Paul. In Cosgriff as here, the employee was not a full-time employee of the association. In fact, in Cosgriff the employee served without compensation. However, he was held to be covered as an employee on a special mission because he was an officer duly elected according to the association's bylaws and because the association directed him and paid him $10 a day expense money to attend the convention. There is thus no distinguishing factor between Cosgriff and the case at hand.

In Cosgriff, the injured's full-time employment was related to his membership in the Duluth Firemen's Relief Association, inasmuch as he was a fireman. However, this had no bearing on our decision, which was based solely on the association's direct-

ing and paying Cosgriff to go to the convention and on his position as an officer of the association.

Here, as in Cosgriff, the language is clear and unambiguous. Any officer of a corporation elected or appointed in accordance with its charter or bylaws is an employee covered by the Workmen's Compensation Act if he is paid compensation. The Legislature created no exceptions, and we cannot create any. Decedent here was thus an employee within the meaning of the act. He was killed while acting in the course of his employment since he was on a special mission.

Relators rely on a number of cases which are not controlling. In Preese v. Boy Scouts of America, 283 Minn. 284, 167 N. W. (2d) 737, claimant was an unpaid volunteer and therefore not an employee. In Holm v. H & S Asphalt Co. 283 Minn. 330, 167 N. W. (2d) 743, there was no evidence that the corporation paid the officer for his services. Here, on the other hand, the corporation paid decedent expenses of $7.50 a day. In Hanson v. St. James Hotel & Union City Mission, 191 Minn. 315, 254 N. W. 4, we said there was no contract for hire where an inmate of a charitable institution was paid 50 cents to $1 a week for his work.

■ Relators argue that the American Legion Post should not be liable under the workmen's compensation law since decedent was not employed in a gain-seeking capacity. In this way relators seek to distinguish this case from others in which a charitable or nonprofit employer was held to come under the Workmen's Compensation Act. However, the law contains no such requirement and we cannot read one into it. Charitable and nonprofit enterprises were not exempted from the act, and we have held them to be included where the employees otherwise come under the act. Farnam v. Linden Hills Congregational Church, 276 Minn. 84, 149 N. W. (2d) 689; Cosgriff v. Duluth Firemen's Relief Assn. *supra;* Schneider v. Salvation Army, 217 Minn. 448, 14 N. W. (2d) 467. This is the majority position. See, 1A, Larson, Workmen's Compensation Law, §§ 50.42 to 50.44. As we have

said many times, the workmen's compensation law is highly remedial, and we must guard against a narrow construction. Sandmeyer v. City of Bemidji, 281 Minn. 217, 161 N. W. (2d) 318.

The dissent argues that decedent's expense money was not compensation and that decedent was therefore "a voluntary uncompensated worker." However, any significant amount of money paid to an employee for doing work for the employer is compensation. The $15 which was to be paid to decedent was significant enough, and it is comparable to the expenses paid to the employee in the Cosgriff case. The dissent points out that the expenses in 1948 in Cosgriff were more than in this case. It should be noted that Cosgriff had to travel from Duluth to St. Paul as compared to decedent's Anoka-Monticello trip. Even in 1948 one's expenses were probably more in St. Paul than they are in Monticello today.

The Workmen's Compensation Commission's award is affirmed. Respondent is allowed $250 attorneys' fees.

Affirmed.

PETERSON, JUSTICE (dissenting).

The sole issue is whether a commander of an American Legion post, an unpaid executive officer of an incorporated association, is an "employee" when he attends a district Legion convention, merely because, like other delegates who may not be executive officers, he is allotted a modest expense allowance during such attendance. The governing language of Minn. St. 176.011, subd. 9,[1] is not "clear and unambiguous" that such an officer is an employee, but, I submit, quite the contrary.

---

[1] Minn. St. 176.011, subd. 9, in part provides: " 'Employee' means any person who performs services for another *for hire*; and includes the following:

"(1)   an alien;

"(2)   a minor;

"(3)   a sheriff, deputy sheriff, constable, marshal, policeman, fireman, a county highway engineer, and a peace officer * * *;

"(4)   a county assessor and supervisor of assessments;

The purpose of enumerating certain classes of persons as included within the definition of "employee," it seems, was to make clear that as a matter of policy they should not be excluded even though performing service for hire. Thus, "an executive officer of a corporation" was enumerated because of the prior holdings in such cases as Donaldson v. William H. B. Donaldson Co. 176 Minn. 422, 223 N. W. 772, which had held that paid executive officers were not covered employees because they do not come within the ordinarily associated meaning of "workman" or "employee" for whose benefit the legislation was primarily enacted. We have squarely held that " 'an executive officer of a corporation' may be included within the definition of 'employee,' but [Minn. St. 176.011, subd. 9(6)] still contemplates that such an officer shall perform services for hire, just as in the case of any other employee covered by the act." Holm v. H & S Asphalt Co. 283 Minn. 330, 331, 167 N. W. (2d) 743, 744.

We need not discuss the legislative purpose in enumerating various classes of public officers as being included within the definition of employees. It is noteworthy, however, that where the legislature intended to include "a voluntary uncompensated worker" of certain state institutions or the civil defense program it expressly so stated. The statute's own internal evidence of legislative intent is that in all other cases the definition contemplates that an individual is not an employee unless paid for performing service.

The critical issue in the instant case, therefore, is whether the mere reimbursement to an officer of a voluntary, nonprofit

---

"(5) an elected or appointed official of the state * * *;

"(6) an executive officer of a corporation;

"(7) *a voluntary uncompensated worker,* other than an inmate, rendering services in state institutions * * * shall be employees within the meaning of this subdivision. * * *;

"(8) *a voluntary uncompensated worker* engaged in peace time in the civil defense program when ordered to training or other duty by the state or any political subdivision thereof, shall be employees." (Italics supplied.)

organization for his expenses incurred away from home as a convention delegate is "wages" or "compensation" for services performed. Under any usual understanding of those terms, it is not.

Cosgriff v. Duluth Firemen's Relief Assn. 233 Minn. 233, 46 N. W. (2d) 250, seemingly assumed, but did not squarely decide, that the reimbursement for expense was a "daily allotment or wage." 233 Minn. 240, 46 N. W. (2d) 254. Cosgriff, as a trustee of the Duluth Firemen's Relief Association, was engaged in an activity intimately associated with his regular occupation as an employee of the Duluth Fire Department, whereas the decedent legionnaire's activity as a post commander or convention delegate was wholly unrelated to his regular private occupation. Although these considerations may not wholly distinguish the two cases, I would not perpetuate the rule of Cosgriff, much less extend it beyond its own facts.[2]

---

[2] It is of some interest to note that the expense allowance to Cosgriff in 1948 was $10 per day, plus railroad expenses, whereas the decedent legionnaire, almost 20 years later, was paid only $7.50 per day, suggesting a possibility that Cosgriff's expense allowance may have exceeded his actual expenses. Expense allowances in excess of actual expenses, of course, might constitute wages or compensation.