### DENNIS P. ROBERTSON v. PARK BRICK FINISHERS AND ANOTHER.

220 N. W. 2d 489.

July 26, 1974—No. 44665.

*Carroll, Cronan, Roth & Austin* and *Thomas A. Foster,* for relators. *Samuel Saliterman,* for respondent.

PER CURIAM.

Certiorari to review a decision of the Workmen's Compensation Commission. The commission affirmed the compensation judge's award to respondent for temporary total disability resulting from an accident which occurred on May 8, 1969. We affirm.

Respondent was employed by relator Park Brick Finishers. On May 8, 1969, while in the course of his employment, he fell from a scaffolding that was 5 stories above the ground. He suffered a left perispinal hematoma with scarring abrasions of the left knee. He also suffered injuries to his face and head as a result of acid spilling on him. The disabling feature of employee's injury is not physical but psychological. The medical experts were in agreement that the accident of May 8, 1969, caused severe depression and anxiety. As a result, respondent presently is not a candidate for competitive employment and is receiving temporary total disability.

Relators contend that respondent was not a credible source of information upon which an expert opinion may be based. They point to new evidence presented at a later hearing which they assert shows a contradiction in respondent's testimony. Relators contend that the medical experts' opinions were based in part upon the respondent's testimony and that consequently the factual foundation for those opinions is inadequate.

At the later hearing, Dr. John P. Curran, relators' medical expert, said that in light of the new evidence he could not testify as to the causal relationship between the accident and respondent's depression. Dr. Curran, who had based part of his prior opinion upon a history given to him by respondent, stated that respondent is not a reliable source of information. Dr. Joseph A. Resch, respondent's medical expert, indicated that he did not base his opinion of causality upon the history given by respondent but upon an examination of the patient, the medical reports, and the hospital records.

It is for the trier of fact to resolve conflicts in expert testimony and to determine the comparative weight to be given each opinion. The trier may consider both the qualifications of the experts and their sources of information. Petter v. K. W. McKee, Inc. 270 Minn. 362, 133 N. W. 2d 638 (1965); Fink v. Cold Spring Granite Co. 262 Minn. 393, 115 N. W. 2d 22 (1962).

Credibility and causation are factual issues. We will not disturb the commission's determination where it is supported by substantial evidence in view of the entire record. Saholt v. Northwest Airlines, Inc. 290 Minn. 393, 188 N. W. 2d 772 (1971); Ward v. American Legion Edward B. Cutter Post 102, 286 Minn. 81, 174 N. W. 2d 325 (1970).

Respondent is allowed $350 attorneys' fees.

Affirmed.