LUELLA JOHNSON v. ARMOUR & COMPANY.

210 N. W. 2d 247.

August 24, 1973—No. 44012.

*Mahoney, Dougherty, Angell & Mahoney* and *John F. Angell,* for relator.

*Grose, Von Holtum, Von Holtum, Sieben & Schmidt* and *Harry Sieben, Jr.,* for respondent.

PER CURIAM.

Certiorari on the relation of employer to review the decision of the Workmen's Compensation Commission awarding compensation. Employer challenges the commission's finding that the employee's disability was caused by her employment.

The employee had worked for Armour & Company since 1951. In 1964 she was transferred from Kansas City, Kansas, to Worthington, Minnesota, where she worked as a meat trimmer. Her duties at Worthington required her to stand on a metal grating over a concrete floor for as long as 10 hours a day, 5 days a week.

Employee suffers from congenital foot deformities described as spastic flat feet and anterior metatarsalgia. After assuming her duties at Worthington, she began to experience trouble with her feet. Her symptoms included painful toes and the formation of calluses on the ball portion of both feet. Over a period of time these calluses became ulcerous, finally requiring surgery in 1968. The employee continues to have partial disability in both feet.

Since our decision in Gillette v. Harold, Inc. 257 Minn. 313, 101 N. W. 2d 200 (1960), the aggravation and acceleration of a preexisting physical defect have been compensable personal injuries within the meaning of the Workmen's Compensation Act of this state.[1]

The medical experts disagreed as to whether the continuous periods of standing caused the degeneration of the employee's foot condition. A conflict in the opinions of expert witnesses is to be resolved by the trier of fact. Lee v. Minneapolis St. Ry. Co. 230 Minn. 315, 41 N. W. 2d 433 (1950). The commission's finding should not be disturbed unless review of the evidence and permissible inferences drawn therefrom are unsupported by substantial evidence in view of the entire record as submitted. There is not here such a lack of substantial evidence as would justify a reversal of the commission's finding.

Attorneys' fees in the amount of $400 are allowed respondent on this appeal.

Affirmed.

---

[1] Minn. St. 176.011, subd. 16, and 176.021.