IDA PATNODE v. LYON'S FOOD
PRODUCTS, INC., AND OTHERS.

251 N. W. 2d 692.

February 25, 1977—Nos. 46846, 46848.

*Chadwich, Johnson & Bridell* and *John R. Bridell,* for relators, employer and State Automobile Casualty Underwriters.

*Van Eps & Gilmore* and *Curtis C. Gilmore,* for relators, employer and Insurance Company of North America.

*DeParcq, Anderson, Perl, Hunegs & Rudquist* and *Ralph E. Koening,* for employee-respondent.

PER CURIAM.

The chief issues in this case involve the apportionment of liability between successive insurers for payment of a workers' compensation award and the assessment against the insurers of the employee's attorneys fees.

In February 1975 Ida Patnode filed a claim petition against her former employer, Lyon's Food Products, Inc., and Insurance Company of North America (I.N.A.), seeking compensation for temporary total disability from February 17, 1972. State Automobile Casualty Underwriters (State Auto), Lyon's insurer prior to July 1, 1970, was also joined as a party. The compensation judge and, on appeal, the Workers' Compensation Board[1] determined that while working as a fish packer or cutter for Lyon's, employee had sustained compensable injury between 1966 and 1972—aggravation of a preexisting thrombophlebitis in her right leg. Liability for the award was apportioned equally between I.N.A. and State Auto. The board also held that employee's attorneys fees should be assessed against the insurers equally pursuant to Minn. St. 176.191 and remanded the matter to the compensation judge to redetermine their amount. In seeking review, State Auto contends that employee did not sustain a compensable injury during the period of its coverage, that it did not receive notice of injury as required by § 176.121, and that the apportionment made lacks evidentiary support. Both insurers challenge the assessment of attorneys fees. We affirm.

This court will not disturb findings of the Workers' Compensation Board if they are supported by substantial evidence in view of the entire record. Robertson v. Park Brick Finishers, 300 Minn. 561, 220 N. W. 2d 489 (1974). We are also committed to the principle that conflicts in medical testimony must be resolved by the trier of fact. Johnson v. Armour & Co. 297 Minn. 510, 210 N. W. 2d 247 (1973). These rules require us to uphold the findings that employee sustained a compensable injury during State Auto's coverage and that the notice requirements

---

[1] Now the Workers' Compensation Court of Appeals. L. 1976, c. 134, § 78.

of § 176.141 had been met. The finding that liability should be apportioned equally between the insurers also has sufficient evidentiary support.

The insurer's claim that the board abused its discretion in ordering assessment of employee's attorneys fees against them is based on language in Lease v. Pemtom, Inc. 305 Minn. 6, 232 N. W. 2d 424 (1975), in which this court construed § 176.191 as authorizing assessment of an employee's attorneys fees against the employer-insurer or employers-insurers liable to pay compensation when the employee is clearly entitled to it and the dispute is "solely" between employers-insurers as to liability for that compensation.

Here the board found that the dispute was "primarily" between the insurers. The finding is sustained by the record as a whole which clearly permits the inference that despite initial denials of liability, at the hearing before the compensation judge and thereafter, both insurers at least implicitly conceded that employee was entitled to compensation from one or the other. We are satisfied that from the beginning the sole issue of real importance was whether there should be apportionment between the insurers of liability for compensation to which employee was clearly entitled. Despite the duty to commence payment of benefits imposed by §§ 176.021, subd. 3, and 176.221, subd. 1, Lyon's and the insurers ignored employee's right to compensation, requiring her to initiate the proceeding in which they have litigated their liability for the benefits due her. Consequently, we find the assessment of attorneys fees consistent with the purposes of § 176.191 and a proper exercise of the discretion vested in the board by that statute.

Respondent is allowed $350 attorneys fees.

Affirmed.