Donald MARSDEN, Respondent,

v.

VILLAGE OF MABEL, et al.,
Respondents,

Ralph Scharmer Construction
Company, et al., Relators.

No. 46931.

Supreme Court of Minnesota.

April 22, 1977.

2

# 276

Van Eps & Gilmore and Michael D. Aafedt, Minneapolis, for relators.

Peterson, Delano & Thompson, Winona, for Marsden.

Hansen, Dordell & Bradt, and Gene P. Bradt, St. Paul, for Village of Mabel.

PER CURIAM.

A writ of certiorari was issued upon petition by the Ralph Scharmer Construction Company and its compensation insurer to review a decision of the Worker's Compensation Court of Appeals awarding compensation against relators to employee, Donald Marsden, for temporary total disability and a 20-percent permanent partial disability of the back. Relators contend that there is not sufficient evidentiary support for the court's findings that employee did not suffer compensable injury during his employment at the liquor store operated by respondent Village of Mabel and that his disability was caused by, and was a continuing manifestation of, an injury he sustained while in their employ. Relators also contend that the court erred in ordering assessment of employee's attorneys fees against them pursuant to Minn. St. 176.191. We affirm.

While employed by Scharmer in October 1968, employee sustained a work-related back injury which was diagnosed in December 1969 as a suspected protruded lumbar disc. He received compensation for temporary total disability from relators for several weeks and has had pain in his back ever since the occurrence of the injury.

From February to May 1969 employee had a job driving a loader. In June 1969 he began work at the liquor store as a bartender, a job which required considerable walking, bending, and lifting and carrying of cases of liquor and beer. Once or twice a month, employee's back would become so sore he could not lift and carry the cases, but he said it would return to its usual state when he stopped those activities for a few days. He said that he could not have held his job without help from other employees. On November 21, 1973, employee noticed pains in his back and legs and did no lifting. As he was turning at his work, he experienced sudden sharp pain which began in his back and radiated into his legs. He thought his back began to feel better during the day, but the next morning he could not get out of bed. A month later he underwent a laminectomy which improved his condition to some degree. Dr. Colin S. MacCarty, who performed the surgery, expressed the opinion that employee extruded a lumbar disc on November 21, 1973.

Several orthopedists testified at the compensation hearing. Dr. Meyer Goldner, a witness for employee, said that in his opinion the 1968 injury had caused a bulging of employee's disc structure and was the main factor in his back problems. Dr. Goldner attributed two-thirds of employee's disability to the 1968 injury and one-third to aggravation of his weakened disc structure by the lifting and carrying at the liquor store. He rated employee's permanent partial disability at 20 percent. Dr. Michael Davis, a witness for relators, thought employee had suffered a herniated disc in the 1968 injury and had a 15-percent permanent partial disability caused by that injury and by further aggravation of his back problem by his lifting and bending at the liquor store. Dr. Davis apportioned responsibility for employee's need for surgery, his temporary total disability, and his permanent partial disability 60 percent to the 1968 injury and 40 percent to the aggravation of his condition by his work at the liquor store. Dr. Ivan Schloff, a witness for the village, also felt that employee had a 20-percent permanent partial disability but was of the opinion that it was caused solely by the 1968 injury. He also thought the 1968 injury was the sole cause of employee's surgery and temporary total disability. In Dr. Schloff's opinion, employee's lifting and carrying at the liquor store had caused only temporary exacerbations of his condition but no permanent aggravation of it. Dr. Schloff thought that the original injury substantially contributed to the weakness of employee's disc and "time and living" slowly degenerated it to the point where surgery was required.

It is apparent from the foregoing summary of the evidence that the findings that employee did not suffer compensable personal injury during his employment at the liquor store and that his disability was caused by the 1968 injury have support in the testimony of Dr. Schloff. Findings of the appeals court upon questions of fact will not be disturbed unless they are manifestly contrary to the evidence or unless consideration of the evidence and the inferences permissible therefrom require reasonable minds to adopt a contrary conclusion. *Grgurich v. Sears, Roebuck & Co.,* 301 Minn. 291, 223 N.W.2d 120 (1974). The court as trier of fact was required to resolve the obvious conflicts in the medical testimony. *Langlais v. Superior Plating, Inc.,* 303 Minn. 213, 226 N.W.2d 891 (1975); *Flavin v. Totino's Finer Food,* Minn., 238 N.W.2d 433 (1976). Thus, although we might have reached different conclusions had we been the factfinding tribunal, the challenged findings must be affirmed.

Relators also object to the court's remand to the compensation judge for determination of employee's attorneys fees and for their assessment under Minn. St. 176.191. As in *Patnode v. Lyon's Food Products, Inc.,* Minn., 251 N.W.2d 692, (1977), despite their initial denial of liability, relators' proof at the compensation hearing in effect conceded employee's right to receive compensation and was directed to establishing the propriety of apportionment. Since that was the primary issue from relators' point of view, imposition of reasonable attorneys fees against them in behalf of employee seems appropriate.

Affirmed and remanded for further proceedings in accordance with the decision by the court of appeals.