Walter E. SUNDQUIST, Respondent,

v.

KAISER ENGINEERS, INC. and Argonaut Insurance Company, Respondents,

and

Del Lynn Farms, Inc. and Farm Bureau Mutual Ins. Co., Relators,

and

Minnesota Department of Human Services, Respondent.

No. C9-90-80.

Supreme Court of Minnesota.

May 18, 1990.

Steven J. Cahill, Cahill, Maring & Marquart, P.A., Moorhead, for relators.

John P. Bailey, Bailey Law Offices, Ltd., Bemidji, for Walter Sundquist.

Mark J. Freeman, Fitch, Johnson, Larson & Walsh, Minneapolis, for Kaiser Engineers, Inc., et al.

Laurasue Schlatter, Sp. Asst. Atty. Gen., St. Paul, for Minnesota Dept. of Human Services.

## OPINION

POPOVICH, Chief Justice.

This is an appeal from a decision of the Workers' Compensation Court of Appeals that reversed a compensation judge's findings with respect to equitable apportionment of liability between successive employers and their workers' compensation liability insurers and the employee's entitlement to attorney fees, while affirming the compensation judge's assessment of penalties. We affirm the assessment of penalties but reverse and reinstate the compensation judge's determinations with respect to equitable apportionment and attorney fees.

### I.

Walter E. Sundquist filed a claim petition for temporary total disability benefits, penalties and attorney fees in connection with back injuries sustained in 1979 while working for Kaiser Engineers and in 1987 while working for Del Lynn Farms. The compensation judge found the employee had sustained work-related injuries as claimed and apportioned liability between the two employers/insurers. The compensation judge also awarded penalties against Del Lynn Farms for statutory violations. Finally, the compensation judge found that the dispute in this case was primarily between the employers/insurers, but she reserved awarding attorney fees under Minn. Stat. § 176.191, subd. 1 (1988), pending a petition for attorney fees.

On appeal, the Workers' Compensation Court of Appeals affirmed the award of penalties, but reversed the apportionment of liability, concluding that apportionment was inappropriate, and imposed all liability on Del Lynn Farms. The Workers' Compensation Court of Appeals also remanded the matter for further findings on additional penalties and attorney fees. This appeal followed.

## II.

■ The first issue necessarily raised by this appeal is whether the Workers' Compensation Court of Appeals exceeded its authority in reversing the compensation judge's findings as to equitable apportionment. In this case, the employee sustained what is commonly called a "specific injury" in 1979 which was followed by a *Gillette*[1] injury culminating in disability in 1987. The compensation judge concluded that the record furnished a reasonable basis for apportionment in view of the employee's testimony, his medical records and his treating surgeon's opinion as to apportionment of responsibility. On appeal, the Workers' Compensation Court of Appeals reversed the liability apportionment determination, assessing all liability against the second employer, Del Lynn Farms, and its workers' compensation liability insurer, Farm Bureau Mutual.

On appeal to this court, relators Del Lynn Farms/Farm Bureau Mutual request reinstatement of the compensation judge's apportionment of liability. After scrutinizing the record, it appears to us that, under the applicable standards of review, the compensation judge's equitable apportionment determination had substantial evidentiary support and was subject to affirmance by the Workers' Compensation Court of Appeals. *DeNardo v. Divine Redeemer Memorial Hosp.*, 450 N.W.2d 290, 293 (Minn.1990); *Hengemuhle v. Long Prairie Jaycees*, 358 N.W.2d 54, 60 (Minn.1984). We therefore reverse that portion of the Workers' Compensation Court of Appeals'

decision as it relates to equitable apportionment and reinstate the decision of the compensation judge.

## III.

■ The second issue raised in this appeal concerns the employee's entitlement to attorney fees. Pursuant to Minn.Stat. §§ 176.081, subd. 8 and 176.191, subd. 1 (1988), a claimant's attorney fees may be assessed against the party when the dispute is "primarily" between the insurers. *Lease v. Pemtom, Inc.*, 305 Minn. 6, 15, 232 N.W.2d 424, 429 (1975); *accord Kirchner v. County of Anoka*, 410 N.W.2d 825, 830 (Minn.1987); *Marsden v. Village of Mabel*, 253 N.W.2d 275, 277 (Minn.1977); *Chrysler v. Zantigo, Inc.*, 39 W.C.D. 837, 839–40, *aff'd without opinion*, 404 N.W.2d 806 (Minn.1987). Attorney fees are proper even though the compensability of an injury was at issue where the dispute was "primarily" between the insurers and the "sole issue of real importance" was apportionment of liability. *Patnode v. Lyon's Food Prods., Inc.*, 312 Minn. 570, 572, 251 N.W.2d 692, 693 (1977).

■ In this case, the compensation judge concluded that attorney fees were properly payable under Minn.Stat. § 176.191, but she deferred making an award until such time as the employee filed a petition for attorney fees. On appeal, the Workers' Compensation Court of Appeals in effect reversed the finding that fees were appropriate under section 176.191, but remanded for consideration as to whether fees were appropriate pursuant to Minn.Stat. § 176.081, subd. 8. On appeal to this court, Del Lynn Farms/Farm Bureau Mutual argue that if attorney fees were not allowable under section 176.191, fees were not allowable under section 176.081. We agree. We also believe, however, that fees were allowable under either provision. The record makes it absolutely clear the parties litigated the matter as one involving apportionment of liability between successive

---

**1.** *Gillette v. Harold, Inc.*, 257 Minn. 313, 321–22, 101 N.W.2d 200, 205–06 (1960) (where a preexisting infirmity is aggravated by repetitive minute trauma as a result of the ordinary and

necessary duties of employment, the disability resulting from such aggravation is compensable as a personal injury under the workers' compensation statute).

employers and their insurers. The compensation judge's finding with respect to attorney fees is reinstated.

## IV.

■ Del Lynn Farms/Farm Bureau also challenges the assessment of penalties. Under the facts of this case, we believe the penalty assessments were statutorily allowed and not unwarranted. The remand for further proceedings with respect to additional penalties is affirmed.

Affirmed in part, reversed in part.

The employee is not entitled to attorney fees on this appeal.