Victoria J. **RODGERS**, Appellant,

v.

**PROGRESSIVE SPECIALTY INSURANCE COMPANY,** Respondent.

No. C9-92-2433.

Court of Appeals of Minnesota.

April 27, 1993.

Review Denied June 22, 1993.

Edward F. Rooney, Minneapolis, for appellant.

Jill T. Doescher, Scott A. Brehm, St. Louis Park, for respondent.

Considered and decided by HARTEN, P.J., and LANSING and CRIPPEN, JJ.

## OPINION

HARTEN, Judge.

An arbitrator awarded appellant Victoria J. Rodgers compensation for all her alleged medical expenses. The district court reduced the award, concluding that the Minnesota no-fault automobile insurance act requires the insurer to pay for only those medical expenses that arise from the accident and not those that arise from pre-existing injuries from a prior accident. We affirm.

## FACTS

In February 1991, appellant Rodgers was involved in an automobile accident. At the time of the accident, Rodgers was insured under an automobile insurance policy with Progressive Specialty Insurance Company (Progressive). The accident generated Rodgers' claims for income loss, replacement services and medical expenses.

Ten months earlier, in April 1990, Rodgers had been involved in a previous automobile accident. Rodgers was then insured by Progressive. At the time of her 1991 automobile accident, Rodgers remained under the care of her neurologist for back and neck injuries she suffered from the 1990 accident.

In April 1991, Progressive's representative contacted Rodgers' treating physician to ascertain what portion of Rodgers' medical treatment was due to her 1990 car accident. The physician estimated that 50 percent of Rodgers' current treatment was due to the 1990 accident. This estimate is not disputed. Progressive then began paying only 50 percent of Rodgers' medical bills. Rodgers commenced mandatory arbitration to recover the cost of medical expenses that Progressive refused to pay.

In August 1992, the arbitrator awarded Rodgers all of the medical expense benefits she had claimed, which totalled $3,132.96. After Progressive disputed the arbitrator's award, Rodgers brought a proceeding in the district court for an order confirming the arbitrator's award. In November 1992, the trial court modified the arbitration award, concluding that pursuant to the no-fault statute "the insurer should pay only for those expenses that relate to the accident at hand." The district court reduced Rodgers' award by half to $1,566.48. This appeal followed.

## ISSUE

Did the trial court err by curtailing the insurer's medical expense benefits payable to appellant?

## ANALYSIS

■ In reviewing an arbitration award, the district court may reverse an award if the arbitrator exceeded his or her powers. Minn.Stat. § 572.19, subd. 1 (1990). Automobile reparation arbitrators are limited to deciding issues of fact, leaving interpretation of legal issues to the courts. *Johnson v. American Family Mut. Ins. Co.*, 426 N.W.2d 419, 421 (Minn. 1988). "The construction of a statute is a question of law and is subject to de novo review on appeal." *Doe v. Minnesota Bd. of Medical Examiners*, 435 N.W.2d 45, 48 (Minn.1989). We therefore defer to neither the arbitrator's nor the district court's construction of the Minnesota no-fault insurance act.

■ The arbitrator concluded that Rodgers was entitled to all of her alleged medical expense benefits, totalling $3,132.96. The district court vacated the arbitrator's award, ruled that the no-fault statute only required Progressive to pay Rodgers' expenses that arose from the 1991 accident, and reduced the award by half to $1,566.48. We conclude that the district court correctly applied the law.

The primary object in construing statutory language is "to ascertain and give effect" to the legislature's intent as expressed in the language employed. *City of St Louis Park v. King*, 246 Minn. 422, 429, 75 N.W.2d 487, 492–93 (1956). The Minnesota no-fault act provides "reimbursement for all *loss* suffered through injury arising out of the maintenance or use of a motor vehicle" subject to certain conditions. Minn.Stat. § 65B.44, subd. 1 (1990) (emphasis added). "Loss" is defined as "economic detriment resulting from *the accident* causing the injury." Minn.Stat. § 65B.43, subd. 7 (1990) (emphasis added).

Rodgers contends that the no-fault act was intended to provide medical benefit coverage for her injuries which arose from both the 1990 accident and the 1991 accident. We disagree. The definition of "loss" in the no-fault automobile insurance act indicates that only economic detriment from "the accident" causing the injury should be reimbursed. "Loss" does not include economic detriment from injuries resulting from prior accidents separate from "the accident" that causes injury. *See* Minn.Stat. 65B.43, subd. 7.

Here, since the underlying accident is Rodgers' 1991 accident, we hold that Progressive is required to compensate Rodgers only for injuries arising from that 1991 accident, and not from her 1990 accident, as Rodgers claims. Since "loss" in the no-fault insurance act limits liability to a specific accident, Progressive is not required to reimburse Rodgers for expenses arising from her 1990 accident. Accordingly, Progressive is obliged to pay Rodgers $1,566.48—the expenses arising from her 1991 accident—instead of $3,132.96, which included treatment costs that resulted from the 1990 accident.

Rodgers' analogy to the worker's compensation act is misplaced. Generally, worker's compensation law holds employers responsible for only that portion of disability or medical expense that relates to an accident occurring during the employment period. *See Sundquist v. Kaiser Eng'rs, Inc.*, 456 N.W.2d 86, 88 (Minn.1990) (apportioning liability to consecutive employers for employee's aggravated injury). Rodgers also argues that the principle of proximate cause and the Minnesota comparative fault statute, Minn.Stat. § 604.02, subd. 1 (1990) govern this case. However, tort proximate cause and the comparative fault statute both apply to personal injury and property claims involving tort actions, not to no-fault contract actions involving insurance benefit claims.

■ Rodgers moved this court to strike the reference in Progressive's brief to her recovery from underinsured motorist coverage claims for her 1990 accident. We agree. This court may base its decision on only the material produced and received in evidence at the district court. *See Thiele v. Stich*, 425 N.W.2d 580, 582–83 (Minn.1988). Information about Rodgers' recovery from the 1990 accident was not presented to the district court and therefore is not properly before this court.

## DECISION

Under the Minnesota no-fault automobile insurance act Progressive is required to pay only the amount of Rodgers' medical expenses arising from the 1991 automobile injury and not those for pre-existing injuries arising from the 1990 accident. Rodgers' motion to strike material in Progressive's brief is granted.

**Affirmed.**