Dale R. BANKEN, Relator,

v.

LAC QUI PARLE COOP OIL and Farmland Mutual Insurance Company, Respondents,

and

Chandler Industries, and State Fund Mutual Insurance Company, Respondents,

and

Great Western Life Insurance Company, Abbott Northwestern Hospital, Blue Cross & Blue Shield of Minnesota, The Montevideo Clinic, P.A., Intervenors.

No. A03–1119.

Supreme Court of Minnesota.

Dec. 4, 2003.

Linda Schoep, Schoep & McCashin, Alexandria, for Relator, Dale R. Banken.

Eugene Flick, Susan Tice, Jardine, Logan & O'Brien, P.L.L.P., Lake Elmo, for Respondents, Lac Qui Parle Coop Oil/Farmland Mutual Ins. Co.

Steven T. Scharfenberg, Minneapolis, for Respondents, Chandler Industries/State Fund Mutual Ins. Co.

Jane McMahon, St. Paul, for Intervenor, Blue Cross & Blue Shield of Minnesota.

The Montevideo Clinic, P.A., Montevideo, Intervenor.

## OPINION

GILBERT, Justice.

The sole issue for review on certiorari relates to an award of attorney fees pursuant to Minn.Stat. § 176.081, subd. 7 (2002), that the compensation judge had made on remand. The Workers' Compensation Court of Appeals (WCCA) reversed the award of subdivision 7 attorney fees. We reverse and reinstate the compensation judge's award.

Dale R. Banken sustained a compensable injury on January 24, 1997 while employed by Lac Qui Parle Coop Oil. On the date of injury, Lac Qui Parle was insured for workers' compensation liability by Farmland Mutual Insurance Company. On January 25, 2001, Banken sustained another compensable injury while employed by Chandler Industries, Inc. At that time, Chandler Industries was insured for workers' compensation liability by State Fund Mutual Insurance Company. On March 23, 2001, Banken filed an amended claim petition, seeking workers' compensation wage loss and medical benefits from Lac Qui Parle and Farmland Mutual Insurance Company. On May 14, 2001, Lac Qui Parle and Farmland Mutual petitioned for joinder of Chandler Industries and State Fund Mutual, seeking contribution and reimbursement. The petition was granted.

The matter came on for hearing on Banken's claims for wage loss and medical benefits and Lac Qui Parle's and Farmland Mutual's claims for contribution and reimbursement. Before the hearing, the parties agreed that Banken's claims would be paid by his employers and their respective insurers and that the remaining dispute was primarily one between the employers and their insurers as to contribution and reimbursement. The compensation judge apportioned liability for Banken's benefits between the employers and their respective insurers and awarded reimbursements to intervenors, healthcare providers and a healthcare insurer. The compensation judge further found that Banken was entitled to attorney fees, payable by the employers and their respective insurers, and allocated responsibility for those fees as well.

Chandler Industries appealed to the WCCA, challenging the award of attorney fees and seeking modification of orders for reimbursements for medical expenses to conform to the compensation judge's findings. The WCCA affirmed the determination that attorney fees, payable by the employers and insurers, were appropriate but remanded the matter for a determination of the amount of fees and for reconsideration of the apportionment of those fees. The WCCA also modified the orders for medical reimbursements to conform to the findings. *Banken v. Lac Qui Parle,* 2002 WL 31118067, at *3 (Minn. WCCA 2002) (*Banken I*).

Following a hearing on remand, the compensation judge found that the case was "relatively complex" and "hard

fought" and awarded $21,073 in attorney fees. The compensation judge then allocated 60 percent of the responsibility for the payment of those fees to Lac Qui Parle and Farmland Mutual and 40 percent to Chandler Industries and State Fund Mutual. The compensation judge also ordered an additional award of attorney fees pursuant to Minn.Stat. § 176.081, subd. 7 (2002). On appeal, the WCCA reversed the award of subdivision 7 fees. *Banken v. Lac Qui Parle*, 2003 WL 21850630, at *3 (Minn. WCCA 2003) (*Banken II*).

Minnesota Statutes § 176.081 governs the calculation of attorney fees in workers' compensation claims and provides for a contingent fee for the recovery of monetary benefits 25 percent of the first $4,000 and 20 percent of the next $60,000 of compensation awarded. Minn.Stat. § 176.081, subd. 1(a) (2002).[1] The contingent fee is presumed adequate in cases involving concurrent disputes over medical and rehabilitation benefits or services. Minn.Stat. § 176.081, subd. 1(a)(1) (2002). In those cases in which there is a finding that contingent fees are inadequate in a medical or rehabilitation dispute, attorney fees may be assessed against the employer and insurer in accord with the 25/20 formula for contingency fees based upon the ascertainable dollar value of the medical or rehabilitation awarded. Minn.Stat. § 176.081, subd. 1(a)(1). Subdivision 7 of section 176.081 provides that if the employer or insurer unsuccessfully disputes a claim, an additional award may be assessed to the employer or insurer, an amount equal to

---

1. Minnesota Statutes § 176.081, subd. 1(a) (2002) reads:

A fee for legal services of 25 percent of the first $4,000 of compensation awarded to the employee and 20 percent of the next $60,000 of compensation awarded to the employee is the maximum permissible fee and does not require approval by the commissioner, compensation judge, or any other party. All fees, including fees for obtaining medical or rehabilitation benefits, must be calculated according to the formula under this subdivision, except as otherwise provided in clause (1) or (2).

(1) The contingent attorney fee for recovery of monetary benefits according to the formula in this section is presumed to be adequate to cover recovery of medical and rehabilitation benefit[s] or services concurrently in dispute. Attorney fees for recovery of medical or rehabilitation benefits or services shall be assessed against the employer or insurer only if the attorney establishes that the contingent fee is inadequate to reasonably compensate the attorney for representing the employee in the medical or rehabilitation dispute. In cases where the contingent fee is inadequate the employer or insurer is liable for attorney fees based on the formula in this subdivision or in clause (2).

For the purposes of applying the formula where the employer or insurer is liable for attorney fees, the amount of compensation awarded for obtaining disputed medical and rehabilitation benefits under sections 176.102, 176.135, and 176.136 shall be the dollar value of the medical or rehabilitation benefit awarded, where ascertainable.

(2) The maximum attorney fee for obtaining a change of doctor or qualified rehabilitation consultant, or any other disputed medical or rehabilitation benefit for which a dollar value is not reasonably ascertainable, is the amount charged in hourly fees for the representation or $500, whichever is less, to be paid by the employer or insurer.

(3) The fees for obtaining disputed medical or rehabilitation benefits are included in the $13,000 limit in paragraph (b). An attorney must concurrently file all outstanding disputed issues. An attorney is not entitled to attorney fees for representation in any issue which could reasonably have been addressed during the pendency of other issues for the same injury.

Attorney fees in excess of the statutory limitations may be available if necessary to reasonably compensate an employee's attorney for services rendered. *See Irwin v. Surdyk's Liquor*, 599 N.W.2d 132, 142 (Minn.1999) (holding section 176.081 unconstitutional to the "extent that it impinges on our inherent power to oversee attorneys and attorney fees").

30 percent of that portion of the attorney fees which have been awarded that is in excess of $250.[2]

In addition, pursuant to Minn.Stat. § 176.191, subd. 1 (2002), attorney fees may be assessed against the employer and insurer held liable for compensation when the dispute was "primarily" between the employers and/or their insurers. *Sundquist v. Kaiser Eng'rs, Inc.*, 456 N.W.2d 86, 88 (Minn.1990); *Patnode v. Lyon's Food Products, Inc.*, 312 Minn. 570, 572, 251 N.W.2d 692, 693 (1977).[3] Here, where there was no dispute that the employers

2. Minnesota Statutes § 176.081, subd. 7 reads:

> If the employer or insurer files a denial of liability, notice of discontinuance, or fails to make payment of compensation or medical expenses within the statutory period after notice of injury or occupational disease, or otherwise unsuccessfully resists the payment of compensation or medical expenses, or unsuccessfully disputes the payment of rehabilitation benefits or other aspects of a rehabilitation plan, and the injured person has employed an attorney at law, who successfully procures payment on behalf of the employee or who enables the resolution of a dispute with respect to a rehabilitation plan, the compensation judge, commissioner, or the workers' compensation court of appeals upon appeal, upon application, shall award to the employee against the insurer or self-insured employer or uninsured employer, in addition to the compensation benefits paid or awarded to the employee, an amount equal to 30 percent of that portion of the attorney's fee which has been awarded pursuant to this section that is in excess of $250.

3. Minnesota Statutes § 176.191, subd. 1 (2002) provides:

> Where compensation benefits are payable under this chapter, and a dispute exists between two or more employers or two or more insurers or the special compensation fund as to which is liable for payment, the commissioner, compensation judge, or court of appeals upon appeal shall direct that one or more of the employers or insurers or the special compensation fund make payment of the benefits pending a determination of which has liability. The special compensation fund may be ordered to make payment only if it has been made a party to the claim because the petitioner has alleged that one or more of the employers is uninsured for workers' compensation under section 176.183. A temporary order may be issued under this subdivision whether or not the employers, insurers, or special compensation fund agree to pay under the order, and whether or not they agree that benefits are payable under this chapter. A temporary order shall be issued if the commissioner or compensation judge determines based on evidence submitted by the employee that benefits are payable under this chapter and if two or more employers, insurers, or the special compensation fund deny liability based on an assertion that another employer, insurer, or the special compensation fund is liable. A temporary order shall not be withheld where the denials of liability are frivolous as defined in section 176.225, subdivision 1, or nonspecific as defined in section 176.84, subdivision 1.
>
> If the parties do not agree to a temporary order, the commissioner or compensation judge shall summarily hear and determine the issues and issue an order without the need for a formal evidentiary hearing. At any time after a temporary order is issued, the paying party may request to discontinue payment of benefits based on new evidence that benefits are not payable under this chapter by following the procedures of section 176.238 or 176.239.
>
> At any time after a temporary order is issued, the paying party may also petition for a formal hearing before a compensation judge for a determination of liability among the parties. If the petition is filed within one year after a temporary order was issued, the hearing shall be held within 45 days after the petition was filed. Payments under a temporary order shall continue pending the determination of the compensation judge. The compensation judge shall have jurisdiction to resolve all issues properly raised, including equitable apportionment. The procedures and monetary thresholds contained in section 176.191, subdivisions 1a and 5, shall not apply to these proceedings. This subdivision applies to all dates of injury.

and insurers were obligated to pay the employee's attorney fees pursuant to Minn.Stat. § 176.191, the compensation judge awarded $21,073 in attorney fees. The compensation judge also determined that the employers and insurers were obligated to pay the additional award on their "respective attorney fee payments, pursuant to Minn.Stat. § 176.081, subd. 7." (Citing *Irwin v. Surdyk's Liquor*, 599 N.W.2d 132, 144 (Minn.1999) ("[U]nder the plain language of the statute, a subdivision 7 award should be based on all attorney fees paid pursuant to Minn.Stat. § 176.081, including attorney fees based on medical expenses pursuant to Minn.Stat. § 176.081, subd. 1(a).")).

In reversing the award of subdivision 7 fees, the WCCA distinguished *Irwin*, noting that subdivision 7 fees there were based on all attorney fees paid pursuant to Minn.Stat. § 176.081, subd. 1(a). *Banken II*, 21850630, at *2. By contrast, the WCCA concluded, the attorney fees here were awarded under Minn.Stat. § 176.191 and not pursuant to Minn.Stat. § 176.081. *Id.* The WCCA reasoned that although there were initial denials of liability, the parties agreed by the hearing date that the only issue was contribution between the insurance companies and that there was no authority for a de facto reimbursement to Banken of some portion of the fees paid to his attorney when the dispute was primarily between insurers. *Id.* at *2–3. "The only provision for such a fee in the workers' compensation statute is found in Minn.Stat. § 176.191, subd. 1, which is the authority under which attorney fees were awarded in this case." *Id.* at *2.

Minnesota Statutes § 176.081, subdivision 1 provides the 25/20 formula for the calculation of contingency fees and states that "[a]ll fees, including fees for obtaining medical or rehabilitation benefits, must be calculated according to the formula under this subdivision, except as otherwise provided in clause (1) or (2)." Minn.Stat. § 176.081, subd. 1(a). Clause 1 provides for the calculation of attorney fees and assessment against the employer and insurer when contingent fees are inadequate; and clause 2 prescribes the maximum fee for disputed medical or rehabilitation claims when the dollar value is not readily ascertainable. Minn.Stat. § 176.081, subd. 1(a)(1) and 1(a)(2) (2002). While Minn.Stat. § 176.191 authorizes the assessment of fees against the party held liable in a dispute primarily between employers or insurers, Minn.Stat. § 176.081 governs the calculation of those fees. Accordingly, an assessment of fees under Minn.Stat. § 176.191 does not preclude an additional award of fees pursuant to Minn. Stat. § 176.081, subd. 7. Here, the compensation judge properly concluded that pursuant to *Irwin*, an award of subdivision 7 fees was appropriate. We therefore reverse the WCCA's denial of subdivision 7 fees and reinstate the compensation judge's award.

Reversed and compensation judge's award reinstated.

Employee is awarded $1,200 in attorney fees.

---

When liability has been determined, the party held liable for the benefits shall be ordered to reimburse any other party for payments which the latter has made, including interest at the rate of 12 percent a year. The claimant shall also be awarded a reasonable attorney fee, to be paid by the party held liable for the benefits.

An order directing payment of benefits pending a determination of liability may not be used as evidence before a compensation judge, the workers' compensation court of appeals, or court in which the dispute is pending.