HUDSON, Justice.
Respondent Janet Hufnagel filed a workers' compensation claim in 2015 for work-related aggravations to a low-back condition that resulted from an admitted work-related injury in 2009. At all relevant times, Hufnagel worked at the same job, performing the same duties, at the same physical location. But between the 2009 injury and the later aggravations sustained in 2014 and 2015, Hufnagel's employer and its insurer changed. When Hufnagel sought benefits for the later aggravations, the 2009-injury employer denied liability, asserting that the 2014 and 2015 injuries were subsequent injuries for which the new employer and its insurer were liable. The new employer also denied liability, declaring that the aggravations were a continuation of the 2009 injury and therefore the responsibility of the original employer and its insurer. Following a hearing on Hufnagel's petition for benefits, the compensation judge concluded that Hufnagel's 2009 work-related injury was a substantial contributing factor to the later aggravations but held the new employer liable for reasonable medical and other benefits for the 2014 and 2015 injuries.
*749 Hufnagel's post-hearing motion for an award of contingent and excess attorney fees was granted in part and denied in part. As it relates to Hufnagel's claim for fees under Minn. Stat. § 176.191, subd. 1 (2016), the compensation judge concluded that the dispute presented by Hufnagel's 2015 claim petition was only whether the 2009 injury "continued to be a substantial contributing factor" to Hufnagel's later aggravations, and was not a dispute between employers. Accordingly, the compensation judge denied the motion for fees under this statute. The Workers' Compensation Court of Appeals (WCCA) reversed, holding that the compensation judge failed to fully consider the extent to which each employer sought to shift liability to the other employer and that it was error to deny the motion for fees under Minn. Stat. § 176.191, subd. 1. Concluding that the attorney had not been adequately compensated for the time spent providing effective representation to Hufnagel, the WCCA vacated the compensation judge's fee award and remanded for reconsideration in light of the correct legal standard. We affirm the decision of the WCCA.
FACTS
This appeal arises out of workers' compensation claims filed by Janet Hufnagel for back injuries she sustained while working as a certified nursing assistant. Hufnagel was employed by Deer River Health Care in 2009 when she suffered a work injury to her low back. Deer River and its insurer, MHA Insurance Co., (collectively "Deer River") paid Hufnagel's medical benefits incurred in connection with treating the 2009 work-related injury. In 2010, 2011, and 2012, Deer River's independent medical examiner evaluated Hufnagel, concluded that her back condition arose out of the 2009 work-related injury, and determined that the recommended medical treatments were reasonable and would allow Hufnagel, who continued to work with restrictions, to return to work without restrictions. In January 2014, after a fourth independent medical examination, Deer River's independent medical examiner again concluded that Hufnagel's low-back condition was related to the 2009 work-related injury. In early 2014, Hufnagel and Deer River entered into a stipulation to resolve the remaining issues related to Hufnagel's claim for medical benefits and temporary total disability benefits for the 2009 injury.
In 2013, while Hufnagel continued to work as a certified nursing assistant, her employer, Deer River, was acquired and became Essentia Health-Deer River ("Essentia") and also changed its workers' compensation insurer. In August 2014, now working for Essentia, Hufnagel experienced increased low-back pain, which required time off work and medical treatment. When notified of this injury, Essentia denied liability, concluding that Hufnagel's "current need for medical treatment is a continuation of the prior work injury from 2009 which is under a different insurer." Hufnagel then suffered an additional aggravation to her low-back condition in June 2015. In July 2015, Hufnagel filed a claim petition, seeking temporary total disability and medical benefits for the 2014 and 2015 injuries.
In October 2015, Hufnagel returned to the same doctor who had completed the four previous independent medical examinations for Deer River. On this occasion, for the first time, the independent medical examiner concluded that Hufnagel's 2009 low-back injury had "resolved"; the 2014 low-back injury was "temporary in nature" and had also resolved; and the 2015 injury was a substantial contributing cause to Hufnagel's current condition and, thus, the responsibility of Essentia, not Deer River. Deer River therefore denied liability for *750 Hufnagel's claimed benefits and moved to join Essentia and its insurer as parties in the proceeding before the compensation judge after Hufnagel declined to do so.
After Essentia was joined as a party, Hufnagel underwent a sixth independent medical examination, this time with Essentia's medical expert. This examiner concluded that Hufnagel's "subjective" complaints of pain were "unsubstantiated" by the physical examination. Thus, the examiner reported that no medical treatment or care was necessary for the 2009, 2014, and 2015 injuries. In the alternative, the examiner opined that the "worst-case scenario" was a mild back strain in 2009 that was resolved within 6 weeks or less. After this report was received, Hufnagel's attorney reminded Essentia that Essentia denied liability for the 2014 injury, explicitly attributing liability for Hufnagel's low-back condition to the "significant work injury of 2009." The attorney noted that he did not ask Essentia to do anything "in regard to admitting any responsibility for any 2014 or 2015 injury," because Hufnagel's claim petition sought benefits from Deer River based on the 2009 injury.
After a hearing, the compensation judge found that "[a] preponderance of the evidence supports a finding that the medical care received by the employee was reasonable, necessary, and causally related to the work injuries of June 22, 2009, August 14, 2014 and June 10, 2015." Furthermore, "[a] preponderance of the evidence supports a finding that the work-related injury of June 22, 2009, continues to be a substantial contributing factor to the employee's current condition, need for medical treatment, and disability." However, the compensation judge found that "[a] preponderance of the evidence fails to support that any apportionment between these injuries is appropriate, as the August 14, 2014 and June 10, 2015 injuries were temporary in nature." Essentia was held liable for Hufnagel's temporary total disability and medical benefits associated with the 2014 and 2015 injuries, with no apportionment. There was no specific finding of liability regarding the 2009 injury because the 2014 stipulation between Hufnagel and Deer River resolved that issue.
Neither party appealed the October 27, 2016 Findings and Order by the compensation judge. Later, the attorney filed a Statement of Attorney Fees requesting compensation for a total of 78.15 hours, including $31,120.47 in excess Roraff / Irwin fees.[1] Alternatively, the statement requested attorney fees under Minn. Stat. § 176.191 (2016), which states that where "a dispute exists between two or more employers," "[w]hen liability has been determined ... [t]he claimant shall be awarded a reasonable attorney fee, to be paid by the party held liable for the benefits." Id ., subd. 1. Essentia and Deer River both objected to the Statement of Attorney Fees.
The compensation judge held a separate hearing on Hufnagel's motion for attorney fees. Although the parties stipulated that the attorney's hourly fees were reasonable, the compensation judge concluded that:
[The attorney]'s itemization of time ... is excessive in light of the nature of the results obtained. In his itemization, [the attorney] failed to differentiate the time he spent in connection with his efforts to establish causation for the June 22, 2009 *751 date of injury (for which no benefits were awarded) and his efforts to establish causation for the August 14, 2014 and June 10, 2015 dates of injury (for which benefits were awarded).
Because there was no award of benefits specifically for the 2009 injury, the compensation judge concluded that the employee's counsel was not entitled to attorney fees for time spent establishing the 2009 injury.
Thus, the compensation judge's fee award focused on the contingent and excess fees to be awarded for establishing the 2014 and 2015 injuries. First, attorney fees were calculated under Minn. Stat. § 176.081 (2016), which provides for certain contingent attorney fee awards. Second, after finding that the contingent-fee award would not adequately compensate the attorney for his representation, the compensation judge found, "[b]ased on a preponderance of the evidence, [Hufnagel's attorney] is entitled to $8,000.00 in excess Roraff / Irwin attorney fees relative to the August 14, 2014 and June 10, 2015 dates of injury."
Third, the compensation judge concluded, again based on a preponderance of the evidence, that Hufnagel was not entitled to an award of attorney fees under Minn. Stat. § 176.191, subd. 1, because "the dispute in this matter was not primarily between the insurers." Rather, the compensation judge concluded, "the sole issue of real importance was whether the work injury of June 22, 2009, continued to be a substantial contributing factor in the employee's ongoing physical condition."
The compensation judge's attorney fees order was appealed to the WCCA. The WCCA held that the employers had "rendered apportionment a significant issue in this case and greatly increased the burden on the employee's counsel to provide effective representation" by seeking to place sole liability on each other. Hufnagel v. Deer River Health Care Ctr. , No. WC17-6057, 2017 WL 6507806, at *5 (Minn. WCCA Dec. 5, 2017). Consequently, the WCCA concluded that denying the request for a fee award under section 176.191 denied the attorney "adequate compensation" for the representation provided. Id.
As for the Roraff / Irwin fees, the WCCA held that the compensation judge had "inappropriately treated the time spent on the 2009 injury as unreasonable." Id. at *6. The WCCA explained that it was inappropriate to treat the time spent on the 2009 injury as unreasonable because "[a]ttorneys are obligated to fully and thoroughly prepare for [a] hearing. This preparation will, without the aid of hindsight, include various theories of the case, some of which may be unsuccessful. Such a result does not make the time spent unreasonable." Id. The WCCA held that in light of the denial of any fee under Minn. Stat. § 176.191 and the determination that Hufnagel's attorney was not entitled to any compensation for the time spent on the 2009 injury, "the employee's counsel was not awarded adequate compensation for his service to the employee in this case." Hufnagel , 2017 WL 6507806, at *5. Accordingly, the WCCA vacated the March 16, 2017 Findings and Order regarding attorney fees. Id . Essentia sought review of the WCCA's decision, and we issued a writ of certiorari.
ANALYSIS
I.
This appeal requires us to consider whether the compensation judge erred in concluding that there was no dispute between Hufnagel's two employers that would entitle her to an award of attorney fees under Minn. Stat. § 176.191.
*752 Minnesota Statutes § 176.191, subd. 1, states in relevant part:
Where compensation benefits are payable under this chapter, and a dispute exists between two or more employers or two or more insurers ... [w]hen liability has been determined, ... [t]he claimant shall also be awarded a reasonable attorney fee, to be paid by the party held liable for the benefits.
Id. (emphasis added). The plain language of the statute uses the word "shall"-making the award to a claimant, such as Hufnagel, mandatory. See Minn. Stat. § 645.44, subd. 16 (2016) (" 'Shall' is mandatory."). The prerequisite for that mandatory award-"a dispute ... between two or more employers or two or more insurers"-is at issue in this appeal.
We have recognized that it is important for an employee to have legal representation in a case such as this, where both employers deny liability and the employee is "drawn into litigation because of an employers-insurers' dispute as to which is liable for payment." Lease v. Pemtom, Inc. , 305 Minn. 6, 232 N.W.2d 424, 428 (1975). There is a "pragmatic need" for legal representation in these circumstances because the employee's right to compensation benefits is at risk as the employers or their insurers "endeavor to minimize the employee's disabilities" in an effort to minimize their respective liability. Id . (citation omitted). In fact, we have recognized that "it is not uncommon that an employee sustains successive work-related injuries while employed by two or more employers." Id . at 429. If those "successive employers want to pursue their rights to litigate liability for payment of benefits," then the Legislature has stated that employers are liable for the attorney fees the employee incurs. Id .See also Sundquist v. Kaiser Eng'rs, Inc. , 456 N.W.2d 86, 88 (Minn. 1990) (stating that a fee award under section 176.191, subdivision 1 is proper "even though the compensability of an injury" is at issue when the dispute was primarily between the insurers).
Accordingly, in such disputes employees are entitled to attorney fees under Minn. Stat. § 176.191 after a determination is made as to which one (or more) of the employers or insurers that disclaim liability is in fact liable for the employee's workers' compensation benefits. See Lease , 232 N.W.2d at 427-29. Employees are entitled to reimbursement "for costs incurred for attorneys' services in protecting not only [the] right to but the amount of benefits owed by the disputing employers." Id. at 429. See also Kirchner v. County of Anoka , 410 N.W.2d 825, 830 (Minn. 1987) (explaining that fees may be awarded under Minn. Stat. § 176.191 in cases where two or more employers dispute the employee's right to benefits). In Patnode v. Lyon's Food Products, Inc. , 312 Minn. 570, 251 N.W.2d 692, 693 (1977), a case where the "sole issue of real importance was whether there should be apportionment between the insurers of liability," we held that the assessment of fees was "consistent with the purpose of § 176.191." We noted in that case that the record "clearly permit[ted] the inference that despite initial denials of liability, ... both insurers at least implicitly conceded that [the] employee was entitled to compensation from one or the other." Id .
The same inference is permissible, and apparent, here. The efforts by the employers and their insurers to shift the focus from one to the other began when Essentia denied liability for Hufnagel's 2014 aggravation, noting that any needed medical treatment was the responsibility of "a different insurer"-apparently, Deer River. But, the fifth independent medical examination required by Deer River, in 2015, found that the 2009 injury had resolved, *753 assigning cause for any ongoing low-back issues to the 2015 injury. The implication from this examination that Essentia was the liable employer was sufficiently apparent, at least to Deer River, because it asked Hufnagel to join Essentia in the workers' compensation litigation. Once Essentia was joined (by Deer River), the sixth independent medical examination, ordered by Essentia's insurer, concluded that Hufnagel's 2009 injury had resolved and there was no medical treatment reasonably necessary due to the 2014 and 2015 injuries. In other words, it is reasonable to infer that whatever may have been the reasonably necessary medical treatment for the 2009 injury, Essentia concluded that no medical treatment was necessary for the 2014 and 2015 aggravations that occurred when Hufnagel was employed by Essentia.
We conclude that it was error for the compensation judge to determine that the dispute in this case was not primarily between the insurers, but instead was a dispute focused on whether the 2009 injury was a substantial contributing factor to the 2014 and 2015 injuries. We agree with the WCCA that "[t]his determination fail[ed] to consider the degree to which the two employers sought to place on each other the sole responsibility for payment of the employee's benefits." Hufnagel , 2017 WL 6507806, at *5. Whether the 2009 injury was a substantial contributing factor in Hufnagel's ongoing physical condition was, at its heart, a dispute about which employer, Deer River or Essentia, was liable for the benefits to which Hufnagel would be entitled for the 2014 and 2015 injuries. Thus, like Patnode , this is a case where, in the compensation judge's own words, the "sole issue of real importance" was how liability should be apportioned between two different employers and insurers. We agree with the WCCA that the efforts by each employer to shift responsibility to the other employer "greatly increased the burden on [Hufnagel]'s counsel to provide effective representation." Hufnagel , 2017 WL 6507806, at *5. We therefore hold that Hufnagel was entitled to receive reasonable attorney fees under Minn. Stat. § 176.191, subd. 1.
II.
We next address the compensation judge's conclusion that Hufnagel is not entitled to recover attorney fees for the time her attorney spent in establishing the 2009 injury. This legal effort by Hufnagel's attorney resulted from various arguments by Deer River and Essentia about whether the 2009 injury was a substantial contributing factor to Hufnagel's 2014 and 2015 injuries. Although the case before the compensation judge was not itself about an award of benefits specific to the 2009 injury, some amount of time and effort by Hufnagel's attorney was still necessary to adequately prepare for and respond to the arguments the employers raised regarding the 2009 injury and its relationship to the 2014 and 2015 injuries. The compensation judge's order notes that "this case involved three dates of injuries spanning over seven years, two employers and insurers, and a number of medical and legal issues with respect to the dates of injuries." The acknowledgement of three dates of injuries over 7 years also implicitly acknowledges that the 2009 injury was an important part of this case. Although no compensation was awarded to the employee for the 2009 injury as a result of this litigation, the 2009 injury was directly related to the benefits the employee successfully obtained for the 2014 and 2015 injuries.
We expect that attorneys will carefully and thoroughly prepare to represent their clients. See Minn. R. Prof. Conduct 1.1 ("A lawyer shall provide competent *754 representation to a client. Competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation."); id . cmt. 5 ("Competent handling of a particular matter includes .... adequate preparation."); cf. Lease , 232 N.W.2d at 428-29 (emphasizing the importance of representation for the employee in liability disputes between employers). This process requires considering, preparing for, and responding to alternative arguments and theories that might win or lose a case for the client. Careful and thorough preparation will almost inevitably involve some amount of time that may, or may not, be crucial to whichever argument eventually prevails. Attorneys should be compensated for the preparation required to thoroughly represent their clients and not just for time spent developing the argument that is ultimately successful. Therefore, an award of reasonable fees should be adequate to compensate an employee's attorney for the value of the representation provided, including for the time reasonably necessary to thoroughly prepare.[2]
CONCLUSION
For the foregoing reasons, we affirm the decision of the Workers' Compensation Court of Appeals.
Affirmed.
THISSEN, J., not having been a member of this court at the time of submission, took no part in the consideration or decision of this case.

Roraff / Irwin fees are additional attorney fees that may be awarded for recovery of medical benefits in cases where the contingent fee does not adequately compensate the attorney for the representation provided. See Irwin v. Surdyk's Liquor , 599 N.W.2d 132, 142 (Minn. 1999) (remanding to the WCCA for determination of reasonable fee award based on multiple factors); Roraff v. State Dep't. of Transp. , 288 N.W.2d 15, 15-16 (Minn. 1980).

We note that an "adequate" and "reasonable" fee is not an excessive fee nor an award that compensates the attorney twice.